## F. E. PITT v. STATE.

No. A-2454. Opinion Filed April 26, 1919.

(180 Pac. 383.)

1. **CHAMPERTY AND MAINTENANCE.—Restricted Indian Lands— Prosecution.** Section 2260, Revised Laws of Oklahoma 1910, defining the crime of "champerty," does not apply to restricted Indian lands. Where a person is in possession of lands which formed a part of the allotment of a member of the Choctaw Tribe of Indians, it is necessary for the state to prove in a champerty prosecution that such person is in possession of said lands under a valid conveyance, made in compliance with the acts of Congress and the rules and regulations of the Department of the Interior affecting conveyances by the members of said tribe of Indians.

2. **SAME—Evidence—Directed Verdict.** Where there is an entire absence of evidence to show whether the party in possession of such lands claims title under a void or a valid deed to the same, the prosecution must fail for lack of necessary evidence to sustain the same, and a motion by the defendant to direct a verdict in his favor should have been sustained.

3. **SAME—Sufficiency of Information.** Information examined, and held sufficient to charge an offense within the meaning of section 2260, Rev. Laws of Oklahoma 1910.

*Appeal from County Court, Pittsburg County;*
*S. F. Brown, Judge.*

F. E. Pitt was convicted of the crime of champerty, and sentenced to serve a term of six months in the county jail and to pay a fine of $500, and he appeals. Reversed and remanded.

*Carl Monk* and *Wilkinson & Scott,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty. Gen., and *Arnote & Anderson,* for the State.

MATSON, J. This is an appeal from the county court of Pittsburg county, wherein the defendant, F. E. Pitt, was

convicted of champerty and sentenced to serve a term of six months' imprisonment in the county jail and to pay a fine of $500. The prosecution is based on section 2260, Rev. Laws 1910, which provides:

"Any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise or covenant made, is guilty of a misdemeanor."

The information is as follows:

" * * * That F. E. Pitt did, in Pittsburg county, and in the state of Oklahoma, on or about the 10th day of March in the year of our Lord one thousand nine hundred and fourteen and anterior to the presentment hereof, commit the offense of misdemeanor by knowingly, willfully and wrongfully and unlawfully procuring Annie Fulsom to sell and convey to Rodney Pitt for a valuable consideration a pretended right and title to the following described lands and tenements in Pittsburg county, Okla., to wit, the southeast quarter of section thirteen (13), township six (6) north, range thirteen (13) east; and the said Annie Fulsom had not been in possession of said lands and tenements or of the reversion and remainder thereof in person or under those by whom she claimed the same, and those under whom she claimed have not been in possession of said lands and tenements or of the reversion and remainder thereof, and that the said Annie Fulsom and those under whom she claimed had not taken the rents and profits of said lands and tenements or of the reversion and remainder thereof for the space of one year before said sale and conveyance, contrary to the form of the statutes in such

cases made and provided, and against the peace and dignity of the state."

Numerous questions are involved for decision in this appeal. Counsel for the defendant, among other assignments of error, contend that the trial court erred in not directing a verdict for the defendant at the conclusion of the state's testimony.

It is contended that Annie Fulsom, whom the defendant is alleged to have procured to make a champertous deed to one Rodney Pitt, was an intermarried citizen of the Choctaw Nation (a fact not disputed by the state). It is also admitted that, before the removal of restrictions as to the alienation of her allotment as a member of the Choctaw Tribe of Indians, she made a conveyance of that portion of her allotment involved in this prosecution to one Berry Self, and that subsequent thereto the said Berry Self conveyed these lands to one J. C. Coe, who was in possession of the same, and had been in such possession openly adverse to said Annie Fulsom for the period of over four years prior to the making of the alleged champertous conveyance by the said Annie Fulsom to Rodney Pitt. It is intimated that after the removal of her restrictions the said Annie Fulsom made another conveyance of these particular lands to Berry Self, prior to the time that the said land was conveyed by her to Rodney Pitt; but, if any such second conveyance was made, the state did not show the execution of any such deed to Berry Self, neither does the record show whether Berry Self conveyed these lands to J. C. Coe by warranty or quitclaim deed.

This case was prosecuted by the representatives of the estate upon the theory that it was immaterial whether the said J. C. Coe was in adverse possession of said land under a void or a valid deed from Annie Fulsom, and, in

support of the contention of counsel, the decisions of the Supreme Court in the following cases are cited: *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721; *Miller v. Fryer,* 35 Okla. 145, 128 Pac. 713; and others to like effect. In the case of *Miller v. Fryer,* the Supreme Court held:

"By reason of section 2215, Comp. Laws 1909, a deed. conveying real estate, executed by a grantor at a time when he was not in possession of the conveyed premises, is void as between the grantee and a person who was at the time of the conveyance in adverse possession of the conveyed premises; and this rule applies where the grantor is an allottee of the Chickasaw and Choctaw Tribes of Indians upon whose power to alienate his allotment the restrictions have been removed prior to the time of the execution of the deed, and where the person in possession originally obtained possession and claims title to the conveyed premises by virtue of a void deed executed by the allottee before the removal of restrictions upon his power to alienate his allotted lands."

At the time of the trial of this case, the foregoing authorities constituted the prevailing opinion of the Supreme Court of this state concerning the application of section 2260, *supra,* to deeds made by Indian allottees prior to the removal of restrictions, and justified the holding of the trial court in this case that it was immaterial whether the said Coe was in possession of this land under a void or valid deed executed by the said Annie Fulsom so long as the said Annie Fulsom had not been in possession of said premises or had not taken the rents and profits of said land for the space of one year before the execution of the deed to Rodney Pitt, and the said F. E. Pitt with knowledge of these facts procured her to execute such deed to Rodney Pitt.

However, the doctrine established by the Supreme Court in the foregoing cases and relied upon by the state in this trial has been expressly renounced by that court, and the cases sustaining the same overruled in the case of *Murrow Indian Orphans' Home v. McClendon*, 64 Oklahoma, 166 Pac. 1101, in which it is held:

"Our statute on champerty does not apply to restricted lands. Congress has reserved the exclusive right to control the sales and prescribe the conditions under which title to these lands may pass. And a conveyance of such lands, made in compliance with the acts of Congress and the rules and regulations of the Department of the Interior, carries title to such lands, as against the world."

The doctrine established in the Murrow Orphans' Home case was reaffirmed in the case of *Miller et al. v. Grayson et al.*, 64 Oklahoma, 166 Pac. 1077. So that it is apparent that whatever may have been believed to be the application of section 2260, *supra*, to restricted Indian lands at the time this case was tried, it is well settled at this time that said section has no application to deeds made by restricted Indians, and that, this being a conveyance by Annie Fulsom, a member of the Choctaw Tribe of Indians, and the said Coe being in possession of said lands by virtue of a conveyance by the said Annie Fulsom, it was necessary for the state to show that said Coe was in possession under a valid conveyance, i. e., one made by Annie Fulsom when under no legal restrictions by federal law to make the same; otherwise, section 2260, under the prevailing opinions of the Supreme Court, would have no application, and the prosecution must fail.

The question of whether the said Coe was in possession of said lands under a valid conveyance by the said Annie Fulsom to Berry Self was a question of law for the

determination of the trial court, and, before this prosecution would lie in said court under section 2260, said fact had to be established, and the failure of the state to introduce any evidence to show that the said Coe was in possession under valid conveyances rendered the evidence wholly insufficient, and the demurrer to the evidence by the defendant or motion to direct a verdict in his favor at the conclusion of the state's case should have been sustained by the trial court.

As it is not apparent whether the state in another trial will be able to establish whether the deed under which J. C. Coe claimed title to said lands was made after the removal of restrictions upon alienation, and at a time when there was no legislation by Congress in force prohibiting the execution of the same by the said Annie Fulsom, the question of the sufficiency of the information to charge an offense is also referred to; and, without entering into any lengthy discussion of this question, the conclusion is reached that the allegations of the information are sufficient and do allege an offense within the meaning of section 2260, Rev. Laws 1910, *supra*.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

DOYLE, P. J., and ARMSTRONG, J., concur.