MANTLE, RESPONDENT, *v.* LARGEY, APPELLANT.

(No. 1,793.)

(Submitted April 11, 1903. Decided April 27, 1903.)

*Appeal—Reversal of Order for New Trial—Stipulation—Effect.*

Where, after an appeal from an order granting a new trial, the parties, in pursuance of a settlement which they have reached, file a stipulation requesting a reversal of the order, that disposition of the case will be made (when

there is no question as to the district court's jurisdiction in the case), though it is not apparent that, upon an examination of the record, affirmance might not be proper.

MR. JUSTICE MILBURN dissenting.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

SUIT by Lee Mantle against Lulu F. Largey, administratrix of the estate of P. A. Largey, deceased. From an order granting plaintiff a new trial after judgment for defendant, defendant appeals. Reversed.

*Mr. Bernard Noon, Messrs. McBride & McBride,* and *Messrs. Forbis & Evans,* for Appellant.

*Mr. Frank W. Haskins, Messrs. Roote & Clark,* and *Messrs. McHatton & Cotter,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought for the purpose of obtaining a decree in favor of plaintiff declaring the defendant, Patrick A. Largey, a trustee for plaintiff of a one-sixteenth interest in the Speculator quartz lode mining claim, situate in Silver Bow county, and requiring the defendant to execute to the plaintiff a deed for that interest, and to render an accounting for a one-sixteenth interest in the ores extracted from the property by the defendant. After the institution of the suit the defendant died, and Lulu F. Largey was substituted in his place, as his administratrix. The judgment in the court below was for defendant. Subsequently, on motion of the plaintiff, the court entered an order granting plaintiff a new trial. Thereupon defendant appealed.

The parties to the action have filed in this court a stipulation wherein it is set forth that they have settled their differences and controversies by a compromise of all matters involved; that they desire the order from which the appeal is taken reversed,

so that the judgment of the district court may stand as rendered; that *remittitur* be issued at once; and that this disposition of the appeal is desired because it is in accordance with the terms of the compromise and settlement made by the parties. This court is asked to make the order according to the terms of the stipulation. When the stipulation was filed, and counsel moved for the order, we entertained doubt as to whether this court could, with propriety, reverse the action of the district court upon an agreement of the parties, without an examination of the record, and a determination that the action of that court was in fact erroneous. Upon consideration, however, we deem it the duty of the court, so far as it may, when there is no question as to its jurisdiction in the particular case, to assist parties to settle their controversies by removing any obstruction which may stand in the way of such settlement. This cause involves title to valuable mining property, and, as the settlement between the parties contemplates the existence of a valid and subsisting judgment in favor of defendant, we think that the order desired may be made with propriety, though it is not apparent that the plaintiff would not, upon examination of the record, be found entitled to an affirmance of the order.

It is therefore adjudged that the action of the district court in the premises be reversed, and that the cause be remanded, with directions to that court to vacate the order granting a new trial, and that it permit the judgment in favor of defendant to stand as rendered.

*Reversed and remanded.*

MR. JUSTICE MILBURN: I dissent.