Manrique de Lara, Demandante y Apelada, *v.* Garrosi, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en en causa sobre pensión alimenticia y *litis expensas*.

No. 1334.—Resuelto en enero 26, 1916.[1]

Alimentos Provisionales — Pensión Alimenticia — Litis Expensas — Apelación—Falta de Finalidad Práctica del Recurso.—Carece de finalidad práctica un recurso interpuesto por el demandado en causa sobre pensión alimen-

---

[1] En 25 de febrero, 1916, denegada reconsideración.

ticia y *litis expensas* por el fundamento de que no se decretó por la corte la eliminación de cierta alegación de la demanda en que fija $5,000 para *litis expensas,* cuando la sentencia condena únicamente a dicho demandado a satisfacer a la demandante una pensión alimenticia de $30, haciendo caso omiso de las *litis expensas.*

ID.—ID.—ALEGACIÓN SOBRE EL CAPITAL EFECTIVO DEL MARIDO.—En una demanda sobre pensión alimenticia es congruente con el precepto contenido en el artículo 168 del Código Civil, la alegación de cuál sea el capital efectivo que posea el marido, pues dicho artículo previene que la pensión alimenticia que ha de pasar el marido a la mujer por orden de la corte de distrito deba ser proporcionada a los bienes del marido.

ID.—ID.—SUSTENTO, HABITACIÓN Y VESTIDO—ASISTENCIA MÉDICA—REPOSICIÓN DE MOBILIARIO—DISTRACCIONES LÍCITAS.—Atendido el artículo 212 del Código Civil la pensión alimenticia que se señale ha de ser para el sustento, habitación; vestido y asistencia médica y no para reposición de mobiliario o distracciones lícitas.

ID.—ID.—ALEGACIONES ESENCIALES DE LA DEMANDA—RESIDENCIA DE LA ACTORA—DERECHO AL DIVORCIO.—De acuerdo con el artículo 168 del Código Civil revisado, en una demanda sobre pensión alimenticia sólo son indispensables las siguientes alegaciones: (*a*) Que haya pendiente el juicio de divorcio; (*b*) Que la mujer no cuente con suficientes recursos propios para vivir durante el juicio; y (*c*) Que el marido tenga bienes. No es necesario alegar que la demandante ha residido en la isla un año inmediatamente antes de la demanda de alimentos, ni que se expongan hechos que demuestren el derecho de la actora al divorcio.

ID.—ID.—ALEGACIONES DE DEFENSA.—Siendo como es la demanda de alimentos un incidente de la acción de divorcio que la demandante ha entablado contra el demandado, no caben en este procedimiento alegaciones que propiamente son materia de defensa en el asunto principal, o sea el divorcio, siendo sólo pertinentes en la contestación las alegaciones de defensa que guardan relación con el artículo 168 del Código Civil.

ID.—ID.—JURISDICCIÓN—CORTES DE DISTRITO.—La jurisdicción para el conocimiento de una demanda sobre alimentos provisionales es de la exclusiva competencia de las cortes de distrito, como así lo establece por modo imperativo el artículo 168 del Código Civil Revisado. Al juez que conoce de lo principal compete conocer de lo accesorio.

APRECIACIÓN DE LAS PRUEBAS—FALTA DE EXPOSICIÓN DEL CASO.—Cuando en el récord no existe escrito de exposición del caso falta base para discutir el resultado de las pruebas, y la apreciación que de ellas haya hecho el juez inferior no puede servir de fundamento de discusión en un recurso de apelación, según la jurisprudencia constante de este tribunal.

COSTAS Y GASTOS—HONORARIOS DE ABOGADO—OPOSICIÓN A LA DEMANDA.—Procede con razón derecha una corte que condena a un demandado en costas, gastos y honorarios de abogado de la parte contraria, cuando existe oposición, sin razón fundamentada, a la demanda.

APELACIÓN—FUNDAMENTOS DEL RECURSO—CONFORMIDAD DEL APELADO CON LA REVOCACIÓN.—Un recurso de apelación, una vez interpuesto, sin que haya desistido de él la parte apelante, ha de resolverse trayendo a consideración los motivos que lo fundamentan, confirmando o revocando la sentencia apelada

según proceda en derecho, por mas que la parte apelada esté conforme con la pretensión del apelante de que se revoque la sentencia, sin considerar dichos· motivos.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José A. Poventud* y *Benito Forés.*

Abogados de la apelada: *Sres. Francis H. Dexter* y *F. G. Pérez Almiroty.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Pendiente ante ·la Corte de Distrito de Ponce pleito de divorcio por Manuela Manrique de Lara contra Tomás Garrosi, presentó aquélla a la misma corte demanda incidental sobre pensión alimenticia· y *litis expensas* en que alega los siguientes hechos:

*Primero.* Que en el pleito de divorcio había solicitado como primer pedimento de la demanda que se decretara el divorcio y disolución del vínculo matrimonial entre la demandante y el demandado.

*Segundo.* Que la demandante es esposa legítima del demandado y atraviesa una situación económica precaria, careciendo de bienes de fortuna y rentas, debido al abandono en que su marido la tenía y tiene.

*Tercéro.* Que desde que el demandado la dejó abandonada en la ciudad de Barcelona, España, había tenido que sufragar no solamente los gastos necesarios para su permanencia en ella, sino los de su regreso a esta isla y los que le causa su permanencia en la misma, gastos que estima prudencialmente en la suma de $5,000.

*Cuarto.* Que además calcula en otros $5,000 los gastos judiciales en que ha de incurrir por razón del pleito de divorcio y liquidación de la sociedad de gananciales.

*Quinto.* Que el demandado Garrosi es hombre de capital superior a $200,000, que le ·dan un rendimiento de más de $25,000.

*Sexto.* Que para atender a sus gastos corrientes y a los

extraordinarios por razón de enfermedad, reposición de mobiliario, ropas, distracciones lícitas, etc., necesita, además, una suma que prudencialmente habrá de fijar la corte, teniendo en cuenta su condición social y buenas costumbres, y en proporción a la situación financiera de su esposo, a tenor de lo que dispone el artículo 168 del Código Civil.

La demanda concluye con la súplica de que se dicte sentencia condenando al demandado Tomás Garrosi a satisfacer a la demandante la suma de $10,000 en concepto de gastos y *litis expensas,* y a pagarle, además, la suma que para alimentos provisionales mientras dure el litigio habrá de fijarle la corte, de acuerdo con el artículo 168 del Código Civil, con costas, gastos y desembolsos del procedimiento a cargo del demandado.

El demandado presentó moción interesando fueran eliminadas en su totalidad las alegaciones tercera y cuarta de la demanda, la quinta en la parte referente a que el demandado era hombre de capital superior a $200,000, y también la sexta en cuanto a la inclusión en el concepto de gastos indispensables para alimentos los de reposición de mobiliario y distracciones lícitas.

También el demandado excepcionó la demanda por el fundamento de que no aduce hechos suficientes para determinar una causa de acción.    Al contestarla admitió la existencia del pleito de divorcio entre la demandante y el demandado, alegó la nulidad del matrimonio entre ellos celebrado, y negó las demás alegaciones fundamentales de la acción.

Estableció el demandado en su contestación materia nueva constitutiva de cinco defensas adicionales, las tres primeras relativas a la nulidad del matrimonio de la demandante y el demandado, y las dos últimas imputando a la demandante actos de adulterio y trato cruel e injurias graves para con el demandado.

La contestación fué también excepcionada por la demandante, por no constituir verdaderas defensas las alegaciones

de nulidad del matrimonio y de adulterio y trato cruel e injurias graves..

La corte, por una sola orden de 5 de mayo de 1915, declaró con lugar la moción de eliminación en cuanto se refiere a la alegación tercera de la demanda, desestimándola en sus demás extremos. Declaró también sin lugar la excepción previa opuesta a la demanda. En cuanto a la excepción previa de la demandante contra la contestación del demandado, la declaró con lugar en cuanto a las cinco defensas adicionales y ordenó quedara limitada la prueba en el presente caso a la necesidad de la demandante en cuanto a los alimentos que reclama y a la condición económica del demandado para facilitárselos.

Celebrada la vista del caso, en cuyo acto las partes ofrecieron e introdujeron evidencia documental y testifical que fué practicada, la corte dictó sentencia en 17 de mayo de 1915 por la que "condena al demandado Tomás Garrosi a satisfacer a la demandante Manuela Manrique de Lara una pensión alimenticia de $30 mensuales pagadera por adelantado, y empezando a contarse desde el día 27 de marzo de 1915, en que fué presentada la demanda, condenándose además al demandado en todas las costas, desembolsos y honorarios del abogado de la demandante."

Contra esa sentencia interpuso la parte demandada recurso de apelación para ante esta Corte Suprema.

Alega la parte apelante como motivos del recurso los siguientes errores que afirma haberse cometido por la corte inferior:

*Primero.* Al no decretar la eliminación de la alegación 4ª. de la demanda en que fija $5,000 para *litis expensas.* ·

*Segundo.* Al no eliminar de la demanda la alegación 5ª. de la misma expresiva de que el demandado era hombre de capital efectivo superior a $200,000 y al no eliminar también la alegación 6ª. en la parte relativa a los gastos de reposición de mobiliario y distracciones lícitas.

*Tercero*. Al desestimar la excepción previa opuesta a la demanda por el demandado.

*Cuarto*. Al sostener la excepción previa de la actora en cuanto a las defensas adicionales primera, segunda y tercera en que se alegaba la nulidad del matrimonio celebrado entre las partes.

*Quinto*. Al declarar también con lugar la referida excepción previa en cuanto a las defensas cuarta y quinta de la contestación, en las que se hacían a la demandante cargos de adulterio y de trato cruel e injurias graves.

*Sexto*. Al declarar que la prueba debía quedar como quedó limitada a la necesidad de la demandante en cuanto a los alimentos y a la condición económica del demandado para facilitarlos.

*Séptimo*. Al no declarar la demanda de alimentos sin lugar por falta de jurisdicción.

*Octavo*. Al condenar al demandado a pagar a la demandante una pensión mensual de $30 después de estimar la propia corte que todo el haber del demandado consiste en la suma de $40 mensuales.

*Noveno*. Al imponer al demandado las costas, desembolsos y honorarios del abogado de la demandante.

*Décimo*. Al dictar la sentencia apelada.

El primer error alegado carece de finalidad práctica, pues en el supuesto de que se hubiera cometido, no aparejaría la revocación de la sentencia, la cual condena al demandado únicamente a satisfacer a la demandante una pensión alimenticia de $30 mensuales, haciendo caso omiso de *litis expensas*.

El segundo error, en cuanto a su primer fundamento, carece de base, pues el artículo 168 del Código Civil previene que la pensión alimenticia que ha de pasar el marido a la mujer por orden de la corte de distrito debe ser proporcionada a los bienes del marido, y por tanto es congruente con ese precepto la alegación de cuál sea el capital efectivo que posea el marido.   En cuanto al segundo fundamento de dicho

error, no tiene importancia alguna, pues por la orden recurrida se señala a la esposa una pensión alimenticia de $30, cuya pensión alimenticia, atendido el artículo 212 del Código Civil, ha de ser para el sustento, habitación, vestido y asistencia médica de la esposa, y no para reposición de mobiliario y distracciones lícitas.

En cuanto al tercer error, la demanda de alimentos contiene todos los hechos necesarios para determinar esa causa de acción en un caso como el presente.

Al tratar el Código Civil Reformado en el Capítulo III del Título V del Libro I de las medidas provisionales a que puede dar lugar el juicio por divorcio, consigna en el artículo 168 el siguiente precepto:

"Art. 168.—Si la mujer no contase con suficientes recursos propios para vivir durante el juicio, la corte de distrito ordenará al marido que le pase una pensión alimenticia en proporción a los bienes de éste."

Para que pueda darse aplicación a dicho artículo, sólo son indispensables los siguientes requisitos: (*a*) Que haya pendiente el juicio de divorcio; (*b*) que la mujer no cuente con suficientes recursos propios para vivir durante el juicio; (*c*) que el marido tenga bienes.

En la demanda se hacen todas las alegaciones necesarias con relación a dichos requisitos y, por tanto, es suficiente a los fines pretendidos por la demandante.

No es necesario alegar como pretende el apelante, que la demandante ha residido en esta isla un año inmediatamente antes de la demanda de alimentos, ni que se expongan hechos que demuestren el derecho de la actora al divorcio. Esas alegaciones serán muy pertinentes en la demanda de divorcio, pero no en la de alimentos.

En cuanto a los errores cuarto, quinto y sexto, opinamos que siendo como es la demanda de alimentos un incidente de la acción de divorcio que la demandante ha entablado contra el demandado, no caben en este procedimiento alegaciones

que propiamente son materia de defensa en el asunto principal, o sea el divorcio.

Tratándose como se trata de una reclamación sobre alimentos, sólo son pertinentes en la contestación las alegaciones de defensa que guardan relación con el artículo 168 del Código Civil que dejamos transcrito.

No discutimos el alcance que puedan tener dichos errores en un caso sobre alimentos, sin haber pendiente demanda de divorcio.

Alégase para sostener el séptimo error que la corte carecía de jurisdicción, pues habiendo condenado al demandado al pago de una pensión mensual de $30, es claro que la cuantía de la reclamación computada por una anualidad no excede de $1,000, y, por tanto, según la sección 3ª. de la ley de desahucio aplicable al caso, no es la corte de distrito sino el juez municipal correspondiente quien ha debido conocer de la demanda.

El conocimiento de ésta es de la exclusiva competencia de la corte de distrito, como así lo establece por modo imperativo el artículo 168 que dejamos transcrito. Al juez que conoce de lo principal compete conocer de lo accesorio.

En cuanto al octavo error nos falta base para discutirlo por no haber venido en el récord un escrito de exposición del caso en que se haya consignado el resultado de las pruebas. Las apreciaciones que sobre ellas haga el juez no pueden servir de base de discusión en un recurso de apelación, según jurisprudencia repetidas veces establecida por este tribunal.

Por lo que atañe al error número nueve, estimamos que la corte procedió con razón derecha al condenar al demandado en costas, gastos y honorarios de abogado de la parte contraria, pues hubo oposición sin razón derecha a la demanda, en la parte relativa a alimentos que ha sido el fin principal de ella.

Nada tenemos que decir sobre el décimo error alegado por no expresarse en qué consiste, con infracción del Reglamento de este tribunal.

Queremos hacer constar que en el día de la vista del caso la demandante apelada presentó moción a esta corte para que se la tuviera por conforme con la revocación de la sentencia sin entrar a considerar ni resolver las cuestiones que por virtud de la apelación había sometido al tribunal la parte contraria. A tal pretensión se opuso y con razón la parte apelante, pues el recurso de apelación, una vez interpuesto, sin que haya desistido de él la parte apelante, ha de resolverse trayendo a consideración los motivos que lo fundamentan, confirmando o revocando la sentencia apelada según proceda en derecho.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.