## BLAKESLEE v. YOUNG et al.

No. 12029—Opinion Filed May 31, 1921.

(Syllabus.)

1. **Appeal and Error—Disposition of Cause —Effect of Stipulations.**

This court will not, upon a mere stipulation of parties, disregard the record and reverse the judgment, with directions to the trial court to find certain facts.

2. **Same.**

Ordinarily, this court upon motion of plaintiff in error, or upon stipulation of the parties, will dismiss an appeal, or, upon confession of error, will reverse and remand a cause.

3. **Same—Equity Case.**

But in an equity case this court will determine from the record what the facts are itself, and if satisfied that the judgment of the trial court is clearly against the weight of evidence will direct it to render judgment in conformity to the findings made by this court, but in no event will this court assume to control the conscience of the trial court, or direct it to say what the facts are.

Error from District Court, Rogers County; C. W. Mason, Judge.

Action between H. W. Blakeslee and Mary L. Young and another for cancellation of conveyance. From the judgment, the former brings error. Stipulation of parties for reversal, with directions, denied.

J. Wood Glass, for plaintiff in error.

Holtzendorff & Holtzendorff, for defendants in error.

HARRISON, C. J. This cause comes on upon stipulation of the parties hereto, through their respective attorneys of record, J. Wood Glass, attorney for plaintiff in error, and Holtzendorff & Holtzendorff, attorneys for defendants in error, that the judgment of the trial court shall be reversed with directions to render judgment upon the facts as agreed upon in the stipulation.

Certain things are agreed to be the facts in said stipulation, and the parties in effect ask that this court reverse the judgment of the trial court and direct it to find the matters agreed upon in the stipulation to be a fact, or to be the facts, and to render judgment accordingly. This court will not act upon a stipulation of parties, disregard the record and assume to direct the trial court to find certain matters to be a fact, when this court does not know whether such is a fact. If the parties have agreed upon a settlement, and have settled pursuant to such agreement, then upon such settlement

this court, upon motion or upon stipulation, will dismiss the appeal, but will not direct a trial court to render judgment when this court does not know whether it is such judgment as should be rendered or not.

This particular case was an action to cancel a conveyance on the ground of fraud. It was an action which invoked the equity powers of the trial court and appeals to the equity powers of this court. In such case this court will weigh the evidence as disclosed by the record, and determine from the record here presented whether or not there was fraud, but will not, upon a mere stipulation, assume to direct the trial court to find whether there was or was not fraud and to render judgment accordingly, until we have first ascertained from the record whether in truth there was or was not fraud.

Upon specific confession of errors agreed to by the parties this court will reverse the judgment and remand it for such further proceedings as the parties may elect to take, or, as above stated, upon either a motion of plaintiff in error to dismiss, or a stipulation agreed to by both parties the appeal will be dismissed. Or this court in an equity case will determine from the record what the evidence shows the facts to be, and if satisfied that the judgment of the trial court is clearly against the weight of the evidence, will direct the trial court to render judgment in conformity to the findings made by this court, but in no event will this court assume to control the conscience of the trial court, or direct it to say what the facts are.

Stipulation denied.

JOHNSON, McNEILL, MILLER, ELTING, and KENNAMER, JJ., concur.