The check and memorandum thereon, construed together, do not sufficiently describe the house and block referred to therein to identify the same, nor to afford a sufficient basis for the decree of specific performance sought in this case. Jones v. Carver, 59 Tex. 293; Johnson v. Granger, 51 Tex. 42; Coker v. Roberts, 71 Tex, 597, 601, 602, 9 S. W. 665; Slaughter v. Dallas, 101 Tex. 315, 107 S. W. 48; Zanderson v. Sullivan, 91 Tex. 499, 503, 44 S. W. 484; Penn v. Texas Yellow Pine Lumber Co., 35 Tex. Civ. App. 181, 79 S. W. 842 (writ refused); Rosen v. Phelps (Tex. Civ. App.) 160 S. W. 104 (writ refused); Cusenbary v. Lattimer, 28 Tex. Civ. App. 217, 67 S. W. 187 (writ refused).

We answer the question propounded as follows: The trial court did not err in excluding said check and written memorandum.

CURETON, C. J. The opinion of the Commission of Appeals, answering certified questions, is adopted and ordered certified to the Court of Civil Appeals.

---

### SAN JACINTO RICE CO. et al. v. HAMMAN. (No. 338–3708.)

(Commission of Appeals of Texas, Section B. Feb. 7, 1923.)

Appeal and error ⬥1160—Supreme Court can reverse judgment in furtherance of agreement of settlement by the parties.

Where the parties to a suit pending on writ of error in the Supreme Court agreed upon a settlement between themselves and filed a copy of the agreement, which requested that the Supreme Court reverse the judgment of the district court and of the Court of Civil Appeals in favor of plaintiff and remand the case to the district court with directions to render a judgment that plaintiff take nothing further in the action, the Supreme Court can comply with the request without passing on the merits of the case, and it is proper practice to do so.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by George Hamman against the Sam Jacinto Rice Company and others. Judgment for the plaintiff was affirmed by the Court of Civil Appeals, and defendants bring error, and judgments of the district court and of the Court of Civil Appeals reversed, and remanded to the district court for entry of judgment in accordance with agreement.

Hutcheson, Bryan & Dyess and Campbell, Myer & Freeman, all of Houston, for plaintiffs in error.

Maco & Minor Stewart, R. W. Houk and D. F. Rowe, all of Houston, for defendant in error.

POWELL, J. On the day when above cause was to be submitted counsel representing all interested parties filed in our court an agreement in the following language, to wit:

"Now come all parties, plaintiffs in error and defendants in error, and make known to the court that Charlotte J. Brooke and husband, E. H. Brooke, have each departed this life since writ of error was granted by the Supreme Court in this cause; that Mrs. E. M. Brooke has surviving her two minor children, named Doratha Juaneta Brooke and Virginia Rose Brooke, ages six and three, respectively; and that Charles C. Hon, one of the defendants in this cause, has been duly appointed and has qualified as the curator or guardian of the estate of said children, and as such, with the consent of the probate court and of this honorable court, intervenes, in this cause.

"All parties to this cause do further respectfully show unto the court that the defendants Mrs. Louella Brown and Charles C. Hon, as curator or guardian of the estate of the said minor children of Mrs. Charlotte J. Brooke, deceased, have this day paid to George Hamman a cash consideration satisfactory to him, and all parties to this cause do now in open court consent and agree and respectfully move the court that this court do now enter a judgment that plaintiff, Hamman, take nothing further by his suit, and that this court do in all things reverse the judgment of the honorable Court of Civil Appeals and remand this cause to the Sixty-First judicial district court of Harris county, Tex., with instructions to enter a judgment that said plaintiff (defendant in error), George Hamman, take nothing by this suit, and that the decree of the district court of Harris county award the property in controversy to the defendant Mrs. Louella Brown for life, with remainder in fee simple to the said minor children of the defendant Charlotte J. Brooke, deceased, and, except as here stated, that the judgment of the trial court of Harris county, Tex., be in all things affirmed.

"It is further agreed that all costs in the trial court and in the appellate courts shall be paid by the defendants Mrs. Louella Brown and Charles C. Hon, and that said plaintiff George Hamman shall not be liable for any costs whatever."

In order to facilitate the execution of aforesaid agreement, the Supreme Court is asked to enter an order reversing the judgments of the lower courts and remanding the case to the trial court. We think it is the proper practice, under the circumstances set out in above agreement, for said court to accede to such request.

Therefore, without in any way passing

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

upon the merits of the case, but solely because of aforesaid settlement agreement beween the parties, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the former so that the trial court may enter the judgment as outlined in the agreement just above set out in full by us.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, with instructions, as recommended by the Commission of Appeals.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes