**MINNEHOMA OIL CO. et al. v. FLOR-
ENCE et ux.**

No. 11316—Opinion Filed July 24, 1923.

**1. Contracts — Rescission — Retention of
Benefits.**

In suits for the rescission and cancella-
tion of contracts, the court applies the max-
im that, he who seeks equity must do equi-
ty. The plaintiffs will not be permitted to
repudiate their contract and still retain
the benefits which they have derived from
it, but will be required to restore to the
defendants everything of value received by
the plaintiffs by virtue of said contract.

**2. Appeal and Error — Review of Equity
Case—Insufficiency of Evidence.**

In a case which is cognizable only in a
court of chancery, it is the duty of the
court to consider the whole record, to weigh
the evidence, and, when the judgment of the
trial court is clearly against the weight of
the evidence, render, or cause to be render-
ed such judgment as the trial court should
have rendered.

**3. Same — Cancellation of Oil Lease for
Fraud—Restoration of Consideration.**

Record examined, and held, that plain-
tiffs should have been required, by the
judgment of the trial court, to restore to
the defendants the $900 the plaintiffs re-
ceived by virtue of the lease they sought
to cancel and rescind.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens Coun-
ty; Cham. Jones, Judge.

Action by L. W. Florence and Estella
Florence against the Minnehoma Oil Com-
pany, Loyal Petroleum Company, and Ralph
Talley. Judgment for the plaintiffs, and
the defendants bring error. Reversed and
remanded, with instructions.

C. H. Rosenstein, for plaintiffs in error.

H. B. Lockett, for defendants in error.

Opinion by JARMAN, C. This action was
commenced in the district court of Steph-
ens county by L. W. Florence and Estella
Florence against the Minnehoma Oil Com-
pany, Loyal Petroleum Company, and Ralph
Talley, to enjoin the recording of a certain
oil and gas lease, and for a decree cancel-
ing said lease and barring the defendants
from claiming any right, title, or privilege
under said lease. Judgment was rendered
for the plaintiffs, from which the defend-
ants Loyal Petroleum Company and Ralph
Talley have appealed.

The plaintiffs filed their petition alleging
that they were the owners and in posses-
sion of the lands covered by the oil and gas

lease in controversy, and that in April,
1919, the defendant Loyal Petroleum Com-
pany procured an oil and gas lease from
the plaintiffs on said land through false
and fraudulent representations that said
defendant was blocking up an acreage in
the vicinity of the plaintiffs' land with the
intention of drilling for oil thereon, and
represented to the plaintiffs that it was
procuring leases from other land owners
in that vicinity for a bonus of $15 per
acre, and, relying upon these representa-
tions, the plaintiffs executed said oil and
gas lease to this defendant; that as a mat-
ter of fact, said defendant was paying as
high as $40 and $50 per acre for leases
on other lands in that vicinity; and the
plaintiffs prayed that defendant Ralph Tal-
ley, county clerk, be enjoined from record-
ing said oil and gas lease and that said
lease be canceled on account of the fraud
practiced in procuring same. The plain-
tiffs tendered the $900 bonus received from
the defendant Loyal Petroleum Company
for said lease.

A separate answer was filed by the Loyal
Petroleum Company, denying generally and
specifically the allegations in the petition
of the plaintiffs and alleging that the trans-
action in procuring said oil and gas lease
was free from fraud and made in good
faith. A separate answer was filed by
Ralph Talley, defendant, and also by the
Minnehoma Oil Company, defendant. The
case was submitted to the court without a
jury. The court found and rendered judg-
ment that the Minnehoma Oil Company had
no interest in said lease and rendered judg-
ment for the plaintiffs canceling said lease
and enjoining the placing of the same of
record.

The defendant Loyal Petroleum Company
argues only one assignment of error, to
wit: That the court erred in not render-
ing judgment for the said defendant against
the plaintiffs for the $900 bonus paid to the
plaintiffs for said lease.

The defendant concedes that the evidence
is sufficient to support the judgment of
the lower court in holding that said lease
was procured by fraud and canceling same,
and, therefore, there is but one question
presented to this court, and that is wheth-
er the trial court erred in its failure and
refusal to render judgment for the defend-
ant Loyal Petroleum Company for the
amount that plaintiffs received for execut-
ing said lease.

Before the plaintiffs could rescind their
contract, the lease in question, it was
necessary for them to restore to the de-

fendant Loyal Petroleum Company everything of value which they received by virtue of said lease, or they must offer to restore the same. Section 5079, Comp. Stat. 1921.

This is purely an equitable action, and in order for the plaintiffs to obtain the relief sought, it is necessary that they should do equity; and in discussing this principle, the court, in the case of Crouch & Son v. Huber et al., 87 Okla. 83, 200 Pac. 764, quotes with approval the following:

"In suits for the rescission and cancellation of contracts the court applies the familiar maxim of equity, of almost universal application, that he who seeks equity must do equity. The plaintiff will not be permitted to repudiate his contract and still retain the benefits which he has derived from it, and his desire and willingness to restore what he has received must appear in the bill or complaint; otherwise, he will have no standing in a court of equity." (18 Ency. Pl. & Pr., 829.)

In this case, the plaintiffs tendered the $900 they had received in connection with the execution of this lease contract, which they seek to rescind, and the court should have required the plaintiffs to return the same to the Loyal Petroleum Company before judgment canceling the oil and gas lease should become effective. If the plaintiffs were in good faith in tendering the $900, then certainly they could not be prejudiced by being required to pay the same to the Loyal Petroleum Company. It would be inequitable to cancel the oil and gas lease and still permit the plaintiffs to retain the $900 they had received for executing the same. As stated in the case of Crouch & Son v. Huber et al., supra:

"A party will not be permitted to repudiate his contract and still retain the benefits which he has derived from it."

This is purely an equity case, and in this connection our court has repeatedly laid down the following rule, to wit:

"In a case which is cognizable only in a court of chancery, it is the duty of the court to consider the whole record, to weigh the evidence, and, when the judgment of the trial court is clearly against the weight of the evidence, render or cause to be rendered such judgment as the trial court should have rendered." Lee v. Little, 81 Okla. 168, 197 Pac. 449; Blakeslee v. Young, 82 Okla. 114, 198 Pac. 605.

In the case of Unkle v. Wills et al., 281 Fed. 29, which is a case appealed from the District Court of the United States for the Eastern District of Oklahoma to the Circuit Court of Appeals, Eighth Circuit, the court held:

"Appeals in equity are heard de novo and disposed of finally without remanding the cause for another trial except in exceptional cases."

Under the foregoing rule, as announced by the authorities above referred to, the judgment of the lower court is reversed, and the cause remanded, with instructions that the trial court render judgment enjoining the defendants from placing said lease of record and canceling said lease, upon the condition that the plaintiffs pay to the defendant Loyal Petroleum Company the sum of $900, the amount received by the plaintiffs for executing said lease.

By the Court: It is so ordered.