**SOUTHWESTERN SETTLEMENT & DE-
VELOPMENT CO. et al. v. VILLAGE
MILLS CO. et al. (No. 444–3932.)**

(Commission of Appeals of Texas. Section B.
Oct. 15, 1924.)

Appeal and error ⬡⟶1101—On settlement be-
tween parties, agreed judgment should be
entered by Supreme Court.

After writ of error has been granted by
Supreme Court, and parties have settled cause
in part, and made joint request that agreed
judgment be entered, Supreme Court should
comply with request.

Error to Court of Civil Appeals of Ninth
Supreme Judicial District.

Trespass to try title by the Southwestern
Settlement & Development Company and oth-
ers against the Village Mills Company and
others. From a judgment of the Court of
Civil Appeals, affirming in part, and in part
reforming and affirming, a judgment for de-
fendants, plaintiffs bring error. On motion
for entry of agreed judgment. Motion grant-
ed.

H. O. Head, of Sherman, and W. W. Moore,
Beeman Strong, Andrews, Streetman, Logue
& Mobley and Kennerly, Lee & Hill, all of
Houston, for plaintiffs in error.

W. D. Gordon, Thos. J. Baten, O. S. Par-
ker, O. J. Todd, and W. G. Reeves, all of
Beaumont, for defendants in error.

POWELL, P. J. The nature and result of
this case have been fully stated by the Court
of Civil Appeals. See 245 S. W. 975.

Writ of error was, in due course, granted
by the Supreme Court. The cause was then
referred to this court, where it was duly sub-
mitted. At the time of its submission, coun-
sel stated that the cause had been settled in
part.

On August 23, 1924, all the parties to this
cause filed a joint request that the following
agreed judgment be entered by the Supreme
Court:

"On this the ⸺ day of ⸺, A. D. 1924,
it appearing to the court that the plaintiffs in
error, Edwin G. Baetjer, George Mackubin,
Louis S. Zimmerman, Samuel W. Fordyce, Ed-
wards Whitaker, Murray Carleton, and Donald
G. Geddes, present trustees of the Southwest-
ern Settlement & Development Company (not
incorporated), a trust estate, established by a
declaration of trust, bearing date July 14, 1916,
of record in volume 369, page 367 et seq., deed
records of Harris county, Tex., and also of rec-
ord in Hardin county, Tex., and the Houston
Oil Company of Texas and the Republic Pro-
duction Company, and the defendants in error,
the Village Mills Company, the Nona-Fletcher
Lumber Company, Lee Wallace, E. M. Wal-
lace, John D. McCall, V. A. Petty, and Mrs.
Emma B. Sternenberg, have filed in this court
an agreed motion that judgment be rendered in
this cause as hereinafter set forth, it is ordered

that said motion be and same is hereby grant-
ed, and that such agreed judgment be and same
is hereby entered by this court as follows:

"(1) It appearing that the controversy be-
tween said plaintiffs in error and said defend-
ants in error, with respect to the title and pos-
session of the land involved in this suit, has
been settled, except as to that portion of the
Frederick Lewis survey in Hardin county,
Tex., which is in conflict with the James M.
Clayton survey in Hardin county, Tex., such
conflict amounting to approximately seventy-
eight (78) acres of land and hereinafter more
fully described. It is ordered, adjudged, and
decreed by the court that the writ of error
heretofore granted in this cause be and same is
hereby dismissed, in so far as same relates to
or affects that portion of said Frederick Lewis
survey included in said settlement. The por-
tion of said Frederick Lewis survey included
in said settlement is described as follows, to
wit: Beginning at the point in the south line
of the Frederick Lewis survey where it cross-
es the east line of the James M. Clayton
league survey; thence with the south line of
the Frederick Lewis survey to its southeast
corner; thence north with the east line of the
Frederick Lewis survey to its northeast cor-
ner; thence west with the north line of said
Frederick Lewis survey to its northwest cor-
ner; thence south with the west line of the
Frederick Lewis survey to the north line of
the James M. Clayton league survey; thence
east with the north line of the James M. Clay-
ton league to the northeast corner thereof;
thence south with Clayton's east line to the
south line of the Frederick Lewis survey, which
is the place of beginning—which tract or par-
cel of land is fully described in said settlement
agreement, bearing date June 20, 1923, and
recorded in volume 94, page 527 et seq., deed
records of Hardin county, Tex.

"(2) That, as to that portion of the said
Frederick Lewis survey which is in conflict
with the said James M. Clayton survey, it is
ordered, adjudged, and decreed by the court
that the judgment of the district court of Har-
din county, dated October 19, 1921, be and
same is hereby reversed and that the judg-
ment of the Honorable Court of Civil Appeals
of the Ninth judicial district of Texas, affirm-
ing such judgment of the district court of Har-
din county, be and same is hereby reversed, and
that judgment now here be and is rendered,
that the plaintiffs in error hereinbefore fully
named and set out do have and recover of and
from Village Mills Company, Nona-Fletcher
Lumber Company, Lee Wallace, E. M. Wallace,
and John D. McCall, defendants in error here-
in, all that certain tract or parcel of land in
Hardin county, Tex., being that portion of said
Frederick Lewis survey in conflict with said
James M. Clayton survey and described by
metes and bounds as follows, to wit: Begin-
ning at the northeast corner of said James M.
Clayton survey; thence south with the east
line of said James M. Clayton survey, to the
intersection of said east line of said James M.
Clayton survey, with the south line of said
Frederick Lewis survey; thence west with the
south line of said Frederick Lewis survey, to
the southwest corner of said Frederick Lewis
survey; thence north with the west line of

⬡⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

said Frederick Lewis survey to the intersection of said west line with the north line of said James M. Clayton survey; thence east with the north line of said James M. Clayton survey, to place of beginning, containing 78 acres of land, more or less—and that plaintiffs in error have all proper and necessary process to enforce the terms and provisions hereof.

"(3) It appearing to the court that the controversy between the plaintiffs in error herein and V. A. Petty and Mrs. Emma B. Sternenberg, two of the defendants in error herein, arising by reason of judgment having been rendered by the district court of Hardin county, Tex., in this cause, in favor of plaintiffs in error against said V. A. Petty and Mrs. Emma B. Sternenberg, has been fully settled. It is ordered that the writ of error heretofore granted herein, in so far as same affects said controversy, be and same is hereby dismissed.

"(4) It is further ordered, adjudged, and decreed by the court that all costs herein be and same are hereby taxed against plaintiffs in error, and that this judgment be certified to the district court of Hardin county, Tex., for observance."

In making this motion, counsel state that the entry of aforesaid judgment will be "the most expeditious and inexpensive plan of disposing of this case." We think the agreed judgment should be entered. See, San Jacinto Rice Co. et al. v. Hamman (Tex. Com. App.) 247 S. W. 500.

Therefore, without in any way passing upon the merits of the case, but solely because of the agreed motion filed by all the parties as aforesaid, we recommend that the Supreme Court enter the agreed judgment heretofore set out.

CURETON, C. J. Agreed judgment entered, as recommended by the Commission of Appeals.