IN RE ESTATE OF CARMEN NADAL FREYRE; MICAELA DEL MORAL DE DOMÍNGUEZ, Appellant.

No. 6781. Argued May 20, 1935.—Decided June 10, 1935.

*Guerra-Mondragón & Soldevila* for appellant. *J. Alemañy Sosa, Pascasio Fajardo Martínez, Miguel A. García Méndez, Alfredo Arnaldo Sevilla,* and *Oscar Souffront* for the other parties interested, mentioned in the opinion.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

On June 2, 1934, the District Court of Mayagüez entered an order approving the partition of the estate of Carmen Nadal y Freyre, widow of Del Moral. One of the heirs, Micaela del Moral, appealed from this order, and now requests, together with the other heirs, that this court reverse the order appealed from for the purpose of successfully carrying out a compromise which they have reached.

In the motion of the heirs, which is signed by their attorneys, it is alleged:

"That the said Carmen Nadal y Freyre, widow of Del Moral, died in the city of Mayagüez, Island of Puerto Rico, on April 23, 1932, under an open will which was executed in the said city by public deed No. 202, on December 17, 1920, before Notary Angel A. Vázquez Sánchez, leaving as her sole and universal heirs her predeceased daughter, Feliciana del Moral y Nadal, whose heirs are María Teresa, José Angel Salvador, Carmen Elisa, Margarita, Beatriz Mercedes, Rosalina Feliciana, Raquel Vicenta, and Lydia Amada Martínez y Del Moral; Francisco del Moral y Nadal; Micaela del Moral y Nadal; María del Carmen del Moral y Nadal, and Damián del Moral y Nadal, who died after the death of his said mother, leaving as his sole and universal intestate heirs his children Rafael, Antonio, Carmen Ana Neveranda, Damián ·Juan Francisco, and Carmen Luisa Emiliana del Moral, all of the foregoing persons being the sole and universal heirs of the said Carmen Nadal y Freyre, widow of Del Moral.

"That sometime after the death of the said Carmen Nadal y Freyre, widow of Del Moral, a proceeding was begun in the District Court of Mayagüez for the judicial administration and settlement of her estate, wherein the said Hon. Court by an order approved a partition of the property of the estate on June 2, 1934, from which order an appeal was taken to this Hon. Supreme Court by the co-heir Micaela del Moral de Domínguez on June 4, 1934, which appeal is still pending prosecution in the lower court, as the statement of the case which was filed for the purpose of such prosecution has not yet been approved.

"That all of the parties interested in the estate of Carmen Nadal y Freyre, widow of Del Moral, appear in this motion and respectfully state to this Hon. Court:

"That in order that the parties interested in the settlement of the estate may successfully carry out a compromise made between them, they respectfully consent to the vacation of the said order, issued by the lower court on June 2, 1934, approving the partition of property in the proceeding for the settlement of the estate of Carmen Nadal y Freyre, widow of Del Moral, brought in the lower court and numbered 17,284, without any special award of costs and without prejudice to the further prosecution of the proceedings for the settlement of the estate in the lower court.

"May 13, 1935.

"Respectfully submitted,

(Sgd.) J. Alemañy Sosa, Attorney for Francisco del Moral.

(Sgd.) Pascasio Fajardo Martínez, Attorney for José Angel Salvador and María Teresa Martínez y del Moral.

(Sgd.) Miguel A. García Méndez, Attorney for the Heirs of Damián del Moral y Nadal.

(Sgd.) Ismael Soldevila, Attorney for Micaela del Moral de Domínguez.

(Sgd.) Alfredo Arnaldo, Attorney for Carmen del Moral, widow of Romero.

(Sgd.) Oscar Souffront, Attorney for the Heirs of Feliciana del Moral y Nadal."

The litigants say that this court may, within its powers, render a decision in the form agreed upon and authorized by the heirs for the purpose of carrying out their compromise, once this controversy has been ended. We do not deny the power of this court to carry out the will of the

parties in the manner agreed. We are of the opinion, however, that only in exceptional cases, where justice requires it, would this court be justified in reversing a judgment by stipulation, without discussing the merits of the questions raised. We know that courts of appeal are generally inclined to affirm or reverse cases pending before them, where the parties so stipulate, especially in those cases in which there is nothing in the record to prevent a judgment which conforms to the agreement of the parties interested.

Bancroft states that it is a general principle that a court of appeal may dispose of a case pending before it in accordance with the stipulation of the parties, particularly where a study of the record fails to reveal anything to prevent the entry of a judgment or decree as agreed. 9 Bancroft Code Practice and Remedies, pp. 9691, 9692, sec. 7364. Then the text-writer cites, among others, some examples of cases decided by the Supreme Courts of California, Oklahoma, and Nebraska, in which these courts refused to render judgment as requested.

In the first of the said cases, *Wills* v. *Wills,* 166 Cal. 529, 137 Pac. 249, the court denied a motion for reversal of a judgment, made orally at a hearing on the ground that the parties had reached a compromise on the issues relating to a tract of land called Montana. "This motion," said the Supreme Court of California, "thus informally made, was based upon the statement of a settlement the nature of which was not disclosed to the court and upon the assertion that the defendant Wills was not a party interested in or affected by the findings and judgment relating to the Montana tract. But the allegation of plaintiff's complaint charged her with being a half owner of the tract; the answer of defendant Wills admitted this ownership; there was no issue over that phase of the case, the issues therein being that she held this ownership in trust, and we can perceive no reason why the motion, thus made at oral argument, should be granted, and it is therefore denied."

In the second case, *Blakeslee* v. *Young*, 82 Okl. 114, 198 Pac. 605, it was held that the court cannot, by stipulation of the parties, discard the record and order the lower court to make certain findings, when the appellate court has no knowledge of the facts in question. In that case it was said, by way of *dictum*, that if the parties have reached a compromise, the court will dismiss the appeal on motion or stipulation, but will not order the trial court to render judgment, when it does not know whether such a judgment should be rendered. The same court, in the case of *Smith* v. *Plains Petroleum Corporation*, 25 P. (2d) 323, decided in 1933, reversed a judgment at the request of the litigants who had reached a compromise. In that case the parties entered into a stipulation which they submitted to the court, requesting that the judgment of the District Court of the County of Oklahoma be reversed, and the case remanded to the lower court with instructions to render judgment in accordance with the stipulation, and conforming in form and substance to the judgment agreed upon by the parties. The Supreme Court of Oklahoma, after stating that there was nothing in the Constitution or in the statutes to prevent the court from entering an order in conformity with the stipulation, expressed itself as follows:

"It is apparent therefore that the approval or disapproval of a stipulation is a matter addressed solely to the discretion of this court. Where it appears, however, that the stipulation is within the issues presented by the appeal, and that this court, is vested with jurisdiction of the parties and subject-matter involved, and the approval of sa'd stipulation is in the furtherance of justice, said stipulation will be approved."

In the last case, *Jones* v. *Hudson*, 93 Neb. 561, 44 L.R.A. (N.S.) 1182, 141 N.W. 141, it is said that after a cause has been fully argued and regularly submitted on the merits, the court of appeal may, for good and sufficient reasons, refuse to enter a decree as requested by the parties in a subsequent

609

stipulation, when the effect would be to reverse the judgment of the trial court. In that case the court said:

"The stipulation was made without the consent of appellees' counsel, who, as a friend of the court, asserts that the devisee Artie A. Hudson has minor children for whom no guardian *ad litem* has been appointed. They are not parties to the suit. If the trial court properly construed the will, they will be entitled to a portion of testator's realty in fee upon the termination of the life estate of their grandmother and of their father. This remainder would not be protected by a decree conforming to the stipulation."

The decisions cited by Bancroft show that in each one of these cases the courts were justified in refusing to render judgment in accordance with the stipulation.

In the case of *San Jacinto Rice Co.* v. *Hamman,* 247 S.W. 500, the parties reached an agreement which they submitted to the court for its approval. The Texas Commission of Appeals was of the opinion that this stipulation should be accepted to facilitate the execution of the agreement between the parties, and expressed itself as follows:

"Therefore, without in any way passing upon the merits of the case, but solely because of aforesaid settlement agreement between the parties, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the former so that the trial court may enter the judgment as outlined in the agreement just above set out in full by us."

The judgments of the said courts were reversed and the cases remanded to the district court with the instructions recommended by the Commission of Appeals.

In the case of *Mantle* v. *Largey,* 28 Mont. 38, 72 Pac. 303, judgment was rendered for the defendant. Later the court, at the request of the plaintiff, issued an order granting a new trial, from which the defendant appealed. The parties compromised their differences, and requested that the order be reversed. The Supreme Court of Montana granted the request, expressing itself in the following terms:

"The parties to the action have filed in this court a stipulation where'n it is set forth that they have settled their differences and

controversies by a compromise of all matters involved; that they desire the order from which the appeal is taken reversed, so that the judgment of the district court may stand as rendered; that remittitur be issued at once; and that this disposition of the appeals is desired because it is in accordance with the terms of the compromise and settlement made by the parties. This court is asked to make the order according to the terms of the stipulation. When the stipulation was filed, and counsel moved for the order, we entertained doubt as to whether this court could, with propriety, reverse the action of the district court upon an agreement of the parties, without an examination of the record, and a determination that the action of that court was in fact erroneous. Upon consideration, however, we deem it the duty of the court, so far as it may, when there is no question as to its jurisdiction in the particular case, to assist parties to settle their controversies by removing any obstruction which may stand in the way of such settlement.''

In the case of *Kee Co., et al.* v. *U.S.*, 13 Cust. A. 111, counsel for the government in his brief consented to the reversal of a certain provision included in the appeal. The Court of Customs Appeals refused to grant the request for the following reasons:

''Ordinarily, when counsel for all the parties to an appeal enter into a stipulation, which was not done in this case, and formally present it to this court for reversal or affirmance of a judgment of the trial court, such stipulation is accepted by this court and judgment of reversal or affirmance, as the case may be, is accordingly entered.

''However, in the case now before us, the facts and the law applicable thereto having been fully presented, the court having reached a conclusion as to the law of the case which is at variance with the views expressed by counsel for both parties to the appeal, it is constrained to enter judgment in accordance with its views.''

In general it may be said that courts of appeal are inclined to respect the stipulations of the parties, where there is nothing in the record to prevent the decision of the case in accordance with the agreement, even though it may be necessary to reverse the judgment appealed from. This court, in *Manrique de Lara* v. *Garrosi*, 23 P.R.R. 378, refused to reverse the judgment, in spite of the oral request of the

611

appellee at a public hearing. In that case, the court was justified in its refusal by the character of the controversy, because there was no stipulation, and because the appellant opposed a reversal of the judgment without a discussion of the merits.

In the present case we are asked to vacate an order approving the partition of the property of the estate of Carmen Nadal y Freyre, widow of Del Moral, in order that the heirs may carry out their settlement agreement, which must be submitted for approval to the District Court of Mayagüez because there are minors involved. The courts of justice have always looked favorably on the termination of litigation by agreement, especially when family disagreements as to the distribution of property are to be overcome, as happens with the heirs in the present case. We are faced with a case which is, in our opinion, exceptional, and wherein this court should exercise its discretionary powers, in the furtherance of justice, and provide the said heirs with the means for carrying out the agreement and satisfactorily surmounting their differences, some of which are known to this court.

The order appealed from should be set aside as requested by the heirs.