In re Testamentaría de Doña Carmen Nadal Freyre Viuda de Del Moral. Micaela Del Moral de Domíguez, apelante.

No. 6781.—*Sometido:* Mayo 20, 1935. *Resuelto:* Junio 10, 1935.

*Guerra-Mondragón & Soldevila,* abogados de la apelante; *J. Alemañy Sosa, Pascasio Fajardo Martínez, Miguel A. García Méndez, Alfredo Arnaldo Sevilla* y *Oscar Souffront,* abogados de las demás partes interesadas, relacionadas en la moción inserta en la opinión.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 2 de junio de 1934, la Corte de Distrito de Mayagüez dictó resolución aprobando las operaciones divisorias de los bienes de la sucesión de doña Carmen Nadal y Freyre Viuda de del Moral. Esta resolución fué apelada por la coheredera Micaela del Moral, quien comparece ahora, en unión de los herederos que constituyen la sucesión mencionada, solicitando de común acuerdo que se revoque por este tribunal la resolución apelada con el fin de llevar a feliz término una transacción que han concertado entre sí.

En la moción de los herederos, que aparece suscrita por sus abogados, se alega:

"Que la nombrada Carmen Nadal y Freyre Vda. de del Moral falleció en la ciudad de Mayagüez, Isla de Puerto Rico, el día 23 de abril del año de 1932, bajo testamento abierto que otorgara en dicha ciudad por escritura pública No. 202 de fecha 17 de diciembre del año 1920 por ante el notario Lcdo. Angel A. Vázquez Sánchez, dejando por sus únicos y universales herederos a su hija premuerta, Feliciana del Moral y Nadal, cuya sucesión la integran María Teresa, José Angel Salvador, Carmen Elisa, Margarita, Beatriz Mercedes, Rosalina Feliciana, Raquel Vicenta y Lydia Amada Martínez y del Moral; Francisco del Moral y Nadal; Micaela del Moral y Nadal, María del Carmen del Moral y Nadal, y Damián del Moral y Nadal, quien falleció con posterioridad a su indicada madre, dejando por sus únicos y universales herederos abintestato a sus hijos Rafael, Antonio, Carmen Ana Neveranda, Damián Juan Francisco y Carmen Luisa Emiliana del Moral, todas las cuales personas son los únicos y universales herederos de la nombrada Carmen Nadal y Freyre viuda de del Moral.

"Que ante la Hon. Corte de Distrito de Mayagüez, algún tiempo después del fallecimiento de dicha Carmen Nadal y Freyre Vda. de del Moral, se radicó un procedimiento sobre administración judicial y testamentaría de sus bienes, en virtud del cual se aprobó por dicha Hon. Corte inferior una partición de bienes de la herencia, en

dos de junio del año de 1934, de la cual orden aprobatoria de partición se estableció recurso de apelación para ante este Hon. Tribunal Supremo por la coheredera Micaela del Moral de Domínguez en 4 de junio del indicado año de 1934, cuyo recurso de apelación se encuentra en los trámites de rigor ante la Corte inferior, por no haberse aun aprobado la exposición del caso que se radicara para proseguir dicho recurso.

"Que en el presente escrito comparecen todos los interesados en la herencia de Carmen Nadal y Freyre viuda de del Moral y respetuosamente hacen constar a esta Hon. Corte:

"Que con el fin de que los interesados en esta testamentaría puedan llevar a feliz término una transación que han concertado entre sí, respetuosamente se allanan a que se declare nula la relacionada orden que dictara el tribunal inferior, en dos de junio del año de 1934, aprobando la partición de bienes en el caso de testamentaría de Carmen Nadal y Freyre viuda de del Moral, tramitado ante la Corte inferior bajo el número 17,284, sin especial condena de costas y sin perjuicio de que los procedimientos en dicha testamentaría prosigan sus trámites ante el tribunal inferior.

"13 de mayo de 1935.

"Respetuosamente,

(Fdo.) J. Alemañy Sosa, Abogado de Francisco del Moral.

(Fdo.) Pascasio Fajardo Martínez, Abogado de José Angel Salvador y María Teresa Martínez y del Moral.

(Fdo.) Miguel A. García Méndez, Abogado de la Sucesión de Damián del Moral y Nadal.

(Fdo.) Ismael Soldevila, Abogado de Micaela del Moral de Domínguez.

(Fdo.) Alfredo Arnaldo, Abogado de Carmen del Moral Vda. de Romero.

(Fdo.) Oscar Souffront, Abogado de los Herederos de Feliciana del Moral y Nadal."

Opinan los litigantes que esta corte puede, dentro de sus facultades, dictar un fallo en la forma consentida y autorizada por los herederos a fin de que una vez terminada esta controversia puedan ultimar la transacción acordada. No negamos nosotros el poder de este tribunal para darle efectividad a la voluntad de las partes en la forma convenida. Creemos, sin embargo, que únicamente en casos excepcionales, cuando la justicia del caso así lo requiera, estaría esta corte justificada en revocar una sentencia mediante estipu-

lación, sin discutir en sus méritos las cuestiones planteadas. Sabemos que generalmente los tribunales de apelación se inclinan a confirmar o revocar una causa pendiente ante ellos, cuando las partes así lo estipulan, especialmente en aquellos casos en que no surge de los autos razón alguna que impida un fallo conforme a lo convenido por las partes interesadas.

Bancroft establece el principio general de que una corte de apelación puede disponer de una causa pendiente ante ella conforme a lo estipulado por las partes, sobre todo cuando un examen de los autos no descubre razón alguna que impida que la sentencia o decreto apelado se dicte de acuerdo con lo convenido. 9 Bancroft's *Code Practice and Remedies,* 9691, 9692, sección 7364. Luego cita el autor, entre otros, algunos ejemplos de casos resueltos por los Tribunales Supremos de California, Oklahoma y Montana, donde estos tribunales se negaron a dictar sentencia en la forma solicitada.

En el primero de dichos casos se negó la revocación de una sentencia solicitada oralmente en audiencia pública por haber llegado las partes a un arreglo de las cuestiones controvertidas en relación con la finca Montana. "Esta moción," dijo la Corte Suprema de California, "así informalmente hecha, se basa en una transacción la naturaleza de la cual no ha sido descubierta y en la afirmación de que la demandada Willis no fué una parte interesada o afectada por las conclusiones de hecho y sentencia relativa a la finca Montana. Pero en la alegación del demandante se dice que ella es dueña de la finca. La contestación de la demandada Willis admite esta propiedad; no hubo discusión sobre esta fase del caso. La cuestión en controversia es que ella tenía esta propiedad en fideicomiso y nosotros no percibimos ninguna razón que justifique que la moción oralmente presentada sea concedida, y por tanto se niega."

En el segundo caso resuelto por la Corte Suprema de Oklahoma se declara que la corte no puede, en virtud de una

estipulación de las partes, descartar el récord y ordenar a la corte inferior que haga ciertas conclusiones de hecho, cuando la corte de apelación no tiene conocimiento de la existencia de ese hecho. En dicho caso se dice, a manera de *dictum,* que si las partes han llegado a una transacción, la corte, en virtud de moción o mediante estipulación, desestimará la apelación, pero no ordenará a la corte sentenciadora que dicte una sentencia, cuando no tiene conocimiento de que tal sentencia deba dictarse. El mismo tribunal, en el caso de *Smith* v. *Plains Petroleum Corporation,* 25 P. (2d) 323, resuelto en 1933, revocó una sentencia a ruego de los litigantes que llegaron a una transacción. En dicho caso las partes autorizaron una estipulación, que sometieron a la corte, solicitando que la sentencia de la corte de distrito del Condado de Oklahoma fuese revocada y el caso devuelto a la corte inferior con instrucciones de dictar una sentencia de acuerdo con lo estipulado y conforme en forma y sustancia a la sentencia por las partes acordada. La Corte Suprema de Oklahoma, luego de hacer constar que ni en la Constitución ni en la ley existía ninguna disposición que cohibiese a la corte para dictar una orden ajustándose a lo estipulado, se expresó así:

"Es aparente, por lo tanto, que la aprobación o desaprobación de una estipulación es una materia dirigida solamente a la discreción de esta corte. Cuando aparece que la estipulación está dentro de las cuestiones planteadas en la apelación y que esta corte está revestida con jurisdicción sobre las partes y el objeto del litigio y la aprobación de tal estipulación es en bien de la justicia, tal estipulación debe ser aprobada."

En el último caso, resuelto por la Corte Suprema de Nebraska, se dice que después que una causa ha sido ampliamente argumentada y regularmente sometida en sus méritos, la corte de apelación puede, por buenas y suficientes razones, negarse a rendir un decreto en la forma solicitada por las partes en una posterior estipulación, cuando el

efecto sería revocar el fallo de la corte sentenciadora. En dicho caso el tribunal se expresó así:

"La estipulación se hizo sin el consentimiento del abogado de los apelados, quien como un amigo de la corte, afirma que el legatario Atie A. Hudson tiene hijos menores para los cuales no se ha nombrado ningún defensor. Estos menores no son partes de esta demanda. Si la corte sentenciadora interpretó acertadamente el testamento, ellos tienen derecho a una porción de la propiedad inmueble del testador cuando termine el usufructo que en ella tienen durante su vida, su abuela y su padre. Si la corte inferior interpretó debidamente el testamento, esta porción no sería protegida por el decreto conforme a lo estipulado por las partes."

Las decisiones citadas por Bancroft demuestran que en cada uno de estos casos las cortes estuvieron justificadas en negarse a dictar sentencia conforme a lo estipulado.

En el caso de *San Jacinto Rice Co.* v. *Hamman,* 247 S.W. 500, las partes acordaron una transacción que sometieron a la corte para su aprobación. La Comisión de Apelaciones de Tejas opinó que esta estipulación debía aceptarse para facilitar la ejecución de lo convenido por las partes, expresándose en estos términos:

"Por lo tanto, nosotros, sin considerar en modo alguna los méritos del caso y teniendo en cuenta únicamente la transacción acordada por las partes, recomendamos que las sentencias de la Corte de Distrito y de la Corte de Apelaciones Civiles sean revocadas y la causa devuelta a la primera para que la corte sentenciadora pueda dictar la sentencia ajustándose a lo estipulado en el convenio aquí transcrito."

Las sentencias de las referidas cortes fueron revocadas y el caso devuelto a la corte de distrito con las *instrucciones* recomendadas por la Comisión de Apelaciones.

En el caso de *Mantle* v. *Largey,* 72 Pac. 303 (28 Mont. 38), se dictó sentencia en favor del demandado. Luego la corte, a petición del demandante, dictó una orden concediendo un nuevo juicio, que fué apelada por el demandado. Las partes transigieron sus diferencias y solicitaron que la re-

ferida orden fuese revocada. La Corte Suprema de Montana accedió a lo solicitado, expresándose en los siguientes términos:

"Las partes en este pleito han radicado una estipulación en virtud de la cual alegan que han dirimido sus diferencias y controversias por medio de una transacción de todas las cuestiones envueltas: que desean que la orden apelada sea revocada, de modo que la sentencia de la corte de distrito pueda quedar en vigor; que se envíe el mandato inmediatamente y se pide que se resuelva así la apelación porque está de conformidad con los términos de la transacción llevada a cabo por las partes. Se solicita que esta corte dicte una orden de acuerdo con lo estipulado. Cuando la estipulación fué radicada y el abogado solicitó que dictásemos esta orden, nosotros tuvimos dudas con respecto a si podríamos, actuando propiamente, revocar la actuación de la corte de distrito en virtud de un convenio de las partes, sin examinar los autos y determinar que la actuación de dicha corte fué en realidad errónea. Sin embargo, habiendo considerado el caso, creemos que es el deber de esta corte, en tanto en cuanto le sea posible, cuando no hay cuestión con respecto a su jurisdicción en el caso particular estimular a las partes para que zanjen sus controversias, removiendo cualquier obstrucción que pueda colocarse en el camino de la transacción."

En el caso de *Kee Co.* v. *U. S.*, 13 U.S. Ct. Cust. App 111, el abogado del gobierno se allanó en su alegato a que se revocase cierto pronunciamiento comprendido en el recurso de apelación. La Corte de Apelaciones de Aduanas no tuvo a bien acceder a lo solicitado, por las razones que a continuación se expresan:

"Ordinariamente, cuando los abogados de las partes en una apelación llevan a cabo una estipulación, lo que no se ha hecho en el presente caso, y formalmente la presentan a esta corte para revocar o confirmar· una sentencia de la corte inferior, tal estipulación es aceptada por este tribunal, dictándose sentencia de revocación o confirmación, según sea el caso, conforme a lo estipulado. Sin embargo, en el caso ante nos, los hechos y la ley aplicables han sido ampliamente presentados, habiendo la corte llegado a una conclusión con respecto a la ley del caso que está en desacuerdo con los puntos de vista expresados por los abogados de las partes, y por lo tanto nos vemos obligados a dictar sentencia de conformidad con nuestro criterio."

En términos generales, puede decirse que los tribunales de apelación se sienten inclinados a respetar las estipulaciones de las partes, cuando no surge de los autos razón alguna que impida que el caso se resuelva conforme a lo convenido, aunque haya que revocar la sentencia apelada. Esta corte, en *Manrique de Lara* v. *Garrosi*, 23 D.P.R. 408, se negó a revocar la sentencia, a pesar de haberlo solicitado así oralmente y en audiencia pública la parte apelada. En dicho caso el tribunal estuvo justificado en su negativa por el carácter de la controversia, porque no hubo estipulación y porque la parte apelante formuló su oposición a que se revocase el fallo, sin discutirse en sus méritos.

En el presente caso se pide que dejemos sin efecto una orden aprobando las operaciones divisorias de los bienes de la sucesión de doña Carmen Nadal y Freyre Viuda de del Moral, a fin de que los herederos puedan ultimar la transacción acordada que deberá ser sometida a la aprobación de la Corte de Distrito de Mayagüez por intervenir menores en dichas operaciones. Los tribunales de justicia han visto siempre con agrado y favorecido la terminación de los litigios en virtud de acuerdo y transacción, especialmente cuando se trata de zanjar diferencias entre familia sobre distribución de propiedad, como ocurre en el presente caso con los herederos comparecientes. Nos hallamos, a nuestro juicio, en presencia de un caso excepcional en que esta corte debe ejercitar sus facultades discrecionales, en bien de la justicia, facilitando a los referidos herederos los medios de ultimar la transacción acordada y zanjar satisfactoriamente las diferencias surgidas, algunas de las cuales han llegado a conocimiento de este tribunal.

*Debe dejarse sin efecto la resolución apelada en la forma solicitada por los herederos comparecientes.*