**DIETERLE et al. v. HARRIS et al.**

No. 7073—Opinion Filed Dec. 4, 1917.

(169 Pac. 873.)

1. **Parties—Misjoinder—Statute.**

A petition which shows a mere misjoinder or excess of parties plaintiff is not subject to demurrer for defect of parties under Rev. Laws 1910, § 4740, subd. 4.

2. **Fraud—Elements in General.**

The fourth paragraph of the syllabus in case of Wingate v. Render, 58 Okla. 656, 160 Pac. 614, is adopted herein.

3. **Oil and Gas—Leases—Fraud.**

Evidence examined, and held, that there was sufficient evidence adduced at the trial to sustain the finding and judgment of the trial court on the question of fraud.

(Syllabus by Pope, C.)

Error from District Court, Rogers County; T. L. Brown, Judge.

Action by Hattie Harris and others against C. W. Dieterle and others. Demurrer to petition overruled, and judgment for plaintiffs, and defendants, except Sanger, bring error. Affirmed.

Ertell Hart, for plaintiffs in error.

Adams & Wills, for defendants in error.

Opinion by POPE, C. The parties will be designated as they appeared in the court below. This action was brought by the plaintiffs to cancel two oil and gas leases, one executed by the plaintiff Levi Higginbotham to the defendants Dieterle, Strong, and Koenig, and the other executed by Malinda Sloan, nee Higginbotham, to Dieterle and Sanger. Case was tried to the court, and judgment canceling lease executed by Levi Higginbotham to Dieterle and Sanger, from which judgment all the defendants prosecute error, except J. E. Sanger, who was made a defendant in error.

The plaintiffs alleged in their petition: That Thomas Higginbotham, Levi Higginbotham, and Malinda Sloan, nee Higginbotham, were children and heirs at law of Betty Higginbotham, deceased, and as such inherited a certain tract of land in Rogers county, Okla. Thomas Higginbotham since the death of Betty Higginbotham had resided in the immediate vicinity of the land in question, that Malinda Sloan resided in Tulsa, Okla., and that Levi Higginbotham resided in Muskogee, Okla., and that by common consent of the three children above named, Thomas Higginbotham had been given general control and supervision over said land for purposes of renting and leasing for oil and gas and agricultural purposes upon terms and conditions which he deemed for the best interest of all concerned. On the 10th day of June, 1912, Thomas Higginbotham executed an oil and gas lease on the land to M. J. Phillippe, who assigned the same to Hattie Harris. That the defendants Dieterle, Koenig, and Strong with full knowledge of the existence of the lease made by Thomas Higginbotham to one Phillippe and assigned to Hattie Harris, and of the facts and circumstances leading up to the making of the said lease, on June 20, 1913, by fraud and deceit induced Levi Higginbotham to execute an oil and gas lease on the said land to them, and that on June 1, 1913, C. W. Dieterle and J. E. Sanger by fraud and deceit induced Malinda Sloan to make and execute an oil and gas lease to them.

Plaintiff Malinda Sloan pleads a tender of $27 paid her by defendants Dieterle and Sanger with interest on the same from date of payment. Defendants deny generally all the material allegations in plaintiffs' petition, but admit that Levi Higginbotham, Thomas Higginbotham, and Malinda Sloan are children and heirs of Betty Higginbotham, deceased, but deny that Thomas Higginbotham was authorized to lease said land for oil and gas purposes for Malinda and Levi, admit the execution of all the leases mentioned in plaintiffs' petition, but contend that the leases from Levi and Malinda are valid and binding leases. The defendants interposed a demurrer to plaintiffs' petition, and for grounds of said demurrer allege: (1) That Thomas Higginbotham and Levi Higginbotham and Malinda Sloan have no interest in the subject-matter of the action as set out in plaintiffs' petition. (2) Plaintiffs' petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants. The demurrer was overruled by the court.

The order overruling the demurrer is assigned as error by the defendants, who urge only the one ground, to wit, that Thomas and Levi Higginbotham and Malinda Sloan had no interest in the subject-matter of the action. While the defendants designate the grounds on which the demurrer was urged as a defect of parties plaintiff, the facts stated as the grounds upon which the defendants rely clearly show a misjoinder and not a defect of parties plaintiff, and such objection does not constitute a ground for demurrer, but should have been presented by motion to strike out the unnecessary parties, Tucker v. Hudson, 38 Okla. 791, 134 Pac. 21; Bour-

and v. Madill State Bank et al., 32 Okla. 761, 124 Pac. 314.

The defendants' second contention is that the evidence was not sufficient to warrant the judgment of the trial court in canceling the said oil and gas lease on the ground of fraud. The evidence introduced at the trial tended to show: That the defendant Dieterle, while acting for and on behalf of himself and the defendants Strong and Koenig, had sought to obtain an oil and gas lease on the land in question from Levi Higginbotham, and was told by Levi Higginbotham that his brother, Thomas Higginbotham, had been given full control and management of the said land by himself and his sister Malinda, and that whatever arrangements he made with Thomas would be satisfactory with him. In a short time thereafter Dieterle called on Thomas Higginbotham for the purpose of obtaining from him an oil and gas lease on the land in question. Thomas refused to make a lease to Dieterle, stating to Dieterle at that time that he had already given Captain Harris a lease on said land and could not give another. Within a short time thereafter the defendant Dieterle returned to Levi Higginbotham at his home in Muskogee, and stated to him that he had seen Thomas, and that it was entirely agreeable with him that Levi execute the lease, and that he (Thomas) had made or agreed to make a lease on said land to Dieterle, and exhibited to him a paper writing purporting to be an oil and gas lease, with his and his brother's name inserted as parties to the lease, all of which was done for the purpose of inducing him, the said Levi, to execute an oil and gas lease on the land in question to Dieterle. That he (Levi) was led to believe the representations made to him by Dieterle to the effect that his brother Thomas had executed a lease to the defendant Dieterle, and desired Levi to execute a lease on said land to Dieterle, and that Levi, believing the said statements and representations to be true, was induced thereby to execute the oil and gas lease on the said land set out in the plaintiffs' petition. That he would not have executed said lease if the said representations had not been made. That the same were false, and that as soon as he learned of the untruthfulness of the said representations made to him by Dieterle he returned the money received by him as a consideration for executing said lease, and repudiated the entire transaction. The court in the case of Wingate v. Render, 58 Okla. 656, 160 Pac. 614, said:

"To constitute actionable fraud. it must be made to appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury; and (7) that all these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to a recovery."

Having carefully examined the whole record, we are entirely satisfied that the facts in this case constitute actionable fraud, and that every element as defined by this court in the case of Wingate et al. v. Render, supra, has been proven with a reasonable degree of certainty.

Judgment of the trial court is affirmed.

By the Court: It is so ordered.