## BILLY et al. v. McGILL et al.

No. 12610—Oponion Filed Sept. 29, 1925.

(Syllabus.)

1. **Guardian and Ward—Lease of Ward's Land for Term Beyond Minority — Approval by Court.**

Under the Constitution and statutes of Oklahoma, a county court has no jurisdiction to approve a guardian's lease of the ward's lands for agricultural purposes for a term beyond the minority of the ward.

2. **Same—Invalidity of Lease for Excess of Term.**

A guardian's lease of lands of his ward for agricultural purposes, the term of which extends beyond the date of the majority of the ward, is void as to the excess of the term thereof after said ward reaches majority.

3. **Appeal and Error—Defect of Parties—Mode of Objection Below.**

A general demurrer does not raise the question of defect of parties. Same must be taken advantage of by special demurrer or answer, and as a general rule, when not so done, cannot be raised on appeal.

4. **Same—Mere Excess of Parties.**

When a person is unnecessarily joined as a party plaintiff, it does not result in a defect of parties plaintiff, but in a misjoinder or excess of such parties, and cannot be taken advantage of by demurrer, but by motion, and when such question is not raised in the court below, will not be entertained on appeal.

5. **Same—Necessity for Objections Below.**

A party, desiring to take advantage of a defect of, or misjoinder or an excess of parties plaintiff, must promptly interpose an objection in the manner provided by law; and, failing to do so, he will not be allowed to speculate upon a favorable verdict, and when afterwards he is disappointed by an adverse finding of the jury, be permitted to raise such question, either in a motion for a new trial or in the appellate court.

Error from District Court, Jefferson County: Cham Jones, Judge.

Action by Selin Billy and others against S. A. McGill and others. Judgment for defendants. Plaintiffs appeal. Reversed and remanded.

Ledbetter & Ledbetter, for plaintiffs in error.

Green & Pruet, for defendants in error.

HUNT, J. This action presents error from the district court of Jefferson county. General demurrer was filed to the plaintiffs' petition and was by the court sustained. Plaintiffs elected to stand on the petition and refused to plead further, and judgment was accordingly entered dismissing the petition. Motion for new trial was filed and overruled, and from the action of the court in dismissing the petition and overruling the motion for new trial this appeal is prosecuted. It does not appear from the record, nor do counsel agree upon just what ground the demurrer was sustained.

For a clear understanding of the questions presented we deem it necessary to set out in full in this opinion the petition of plaintiffs and demurrer filed by defendants. The petition, including the caption, but omitting the exhibits, is as follows:

"State of Oklahoma, Jefferson County. In the District Court. Selin Billy, E. T. Haddock and D. B. Taliaferro, plaintiffs, v. S. A. McGill and E. A. Arnold, defendants.

"Comes now the plaintiffs and show to the court as follows: That the plaintiff Selin Billy is a full-blood Choctaw Indian duly enrolled as such opposite No. 2807, and that as such Indian there was allotted to her and she now owns, and did own at all times hereinafter stated, the following described lands in Jefferson county, Oklahoma, to wit: N. W.1-4 of N. E.1-4 and N. E.1-4 of N. W.1-4 and N.1-2 of N. W.1-4 of N. W.1-4of section 34, township 3 south, and range 7, west of the Indian Base and Meridian, containing 100 acres, more or less, as the case may be according to the United States survey thereof. That said lands were allotted to said plaintiff Selin Billy as lands exclusive of a homestead, and commonly called surplus lands. That said plaintiff Selin Billy brings this for and upon behalf of her coplaintiffs, E. T. Haddock and D. B. Taliaferro.

"That on July 4, 1919, the plaintiff Selin Billy leased and rented to her said coplaintiffs, E. T. Haddock and D. B. Taliaferro, said above described 100 acres of land for the term and period of and from July 4, 1919, to July 4, 1924; that said lease and rental contract was in writing, and a true copy thereof is hereto attached, marked Exhibit 'A' and made a part hereof by this reference.

"That said Selin Billy became of full age on said July 4, 1919, and that previous to said last named date, and while she was a minor, and on January 24, 1917, her guardian, Easter Billy, entered into a purported and pretended lease contract with the defendant S. A. McGill, by the terms of which said guardian attempted to rent and lease to said defendant said above described land

for a period of five years from January 24, 1917, to December 31, 1921. That the defendant E. A. Arnold is in possession of said lands as the tenant of the defendant S. A. McGill.

"That on January 24, 1917, the county court of McCurtain county, Oklahoma, made and entered an order approving said lease contract to the said defendant S. A. McGill.

"Plaintiffs state that said lease contract, and the order of approval thereof, is wholly null and void for that period of said lease from and after said plaintiff Selin Billy became of age on July 4, 1919; that said guardian was without power to enter into said lease for a period extending beyond the majority of said ward, and said county court was without power and authority under the law to approve said lease. That there was no necessity existing for the leasing of said lands beyond the majority of said ward. That said lease is for an insufficient and inadequate consideration. The lands of this character are increasing each year in value and it was contrary to and against the interest of said plaintiff Selin Billy that her said lands be leased for a term extending beyond her majority. That a true copy of said lease, and a true copy of said order approving same, are hereto attached, marked respectively, exhibits 'B' and 'C,' and made parts hereof by this reference.

"Plaintiffs further state that the plaintiffs E. T. Haddock and D. B. Taliaferro have been entitled to the possession of said lands since said July 4, 1919; that the defendants are now and have been since said July 4, 1919, and long prior thereto, in the lawful possession thereof to said Haddock and Taliaferro. That said defendants have converted the rents arising from said lands since said July 4, 1919 to their own use. That the reasonable rental value of said lands since said July 4, 1919, is the sum of $1,000. That said defendants have occupied said lands without any special contract with said plaintiffs.

"Plaintiffs further state that said defendants have placed said pretended and purported lease contract and the order of approval thereof on record in the office of the county clerk of Jefferson county, Oklahoma, and thereby cast clouds upon the title of plaintiffs to said lands as aforesaid.

"Wherefore, the premises considered, plaintiffs pray that said lease contract under which defendants claim the right to the possession of said lands, and said order of approval thereof, be each canceled, set aside and held for naught, removed as clouds upon the title to said land, and that the title of plaintiffs in said land be quieted in accordance with their respective rights therein; that plaintiffs Haddock and Taliaferro have

and recover of and from the defendants the sum of $1,000, the rental value of said lands up to this time; and that they also have and recover of and from the defendants the possession of said lands; and for all other and proper relief.

"Geo. E. Rider,
"Attorney for Plaintiffs."

To which the following demurrer was filed:

"In the District Court in and for Jefferson County, Oklahoma. Selin Billy, E. T. Haddock, and D. B. Taliaferro, plaintiffs, v. S. A. McGill and E. A. Arnold, defendants. No. 3625.

"Demurrer.

"Comes now the defendants S. A. McGill and E. A. Arnold and demurs to the petition of the plaintiffs filed herein for the reason that the same does not allege facts sufficient to constitute a cause of action in favor of these plaintiffs and against these defendants.

"Green & Pruet,
"Attorneys for Defendants."

It will be observed from the petition that plaintiffs seek to recover possession of the land involved from July 4, 1919, upon the theory that the lease executed by the guardian in 1917, and approved by the county court, under which defendants claim possession, was null and void from that period from and after the plaintiff Selin Billy became of age, to wit, July 4, 1919. The question for determination then is, Has the county court jurisdiction to approve a guardian's lease of his ward's land for agricultural purposes for a term beyond the minority of the ward? This question seems to have been answered in the negative by this court in the case of Haddock v. Bronaugh, 92 Okla. 197, 218 Pac. 848, cited and relied upon by plaintiffs in error, and plaintiffs in error contend that, since the lower court in sustaining the demurrer held that the guardian of full-blood minor Indians could lease the land of his ward for agricultural purposes for a period of time extending beyond the minority of said ward, then upon the authority of this case, same was error and the judgment should therefore be reversed.

Defendants in error, however, contend that demurrer to the petition of plaintiffs not only raised the question of validity of the two leases involved, but that the first and most important question raised by the demurrer was the nature of the action sought to be pleaded by plaintiffs. Defendants in error refer to our statute, citing section 4681, R. L. 1910 (section 209, C. O. S. 1921) which provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, nor arising out of contract."

And further contend that this court has consistently held that one plaintiff may not prosecute an action on behalf of another in the absence of some disability precluding the prosecution of the action by the party for whose benefit the action is brought. That this is the law is too well settled to require citation of authorities, but even though it might appear from the petition that plaintiff Selin Billy is not the real party in interest, and that there is therefore a misjoinder of parties plaintiff or defect of parties plaintiff, it then becomes necessary to determine whether or not this question can be raised by general demurrer. Defendants in error cite only two cases: Miller v. Grayson, 64 Okla. 122, 166 Pac. 1077, and Jackson v. McGilbray, 46 Okla. 208, 148 Pac. 703. An examination of these cases discloses that a misjoinder or defect of parties plaintiff was raised in the trial of the case. The court said in the case of Miller v. Grayson, supra, as follows:

"An examination of the record in the present cases discloses that it was strenuously insisted by the defendants that plaintiffs, Miller and Emer, were not the real parties in interest in the action, and that they had no right to institute or maintain this suit.'

Not so in the case at bar, however, for, as above set out, only a general demurrer was filed, upon the ground that the petition did not state facts sufficient to constitute a cause of action, and nowhere in the record does it appear that the misjoinder or defect of parties was ever called to the court's attention. In Choctaw, O. & G. R. Co. v. Burgess, 21 Okla. 653, 97 Pac. 271, this court held:

"A general demurrer does not raise the question of defect of parties. Same must be taken advantage of by special demurrer or answer, and as a general rule, when not so done, cannot be raised on appeal."

"When a person is unnecessarily joined as a party plaintiff, it does not result in a defect of parties plaintiff, but in a misjoinder or excess of such parties, and cannot be taken advantage of by demurrer, but by motion, and when such question is not raised in the court below, will not be entertained on appeal.

"A party, desiring to take advantage of a defect of, or misjoinder or an excess of parties plaintiff, must promptly interpose an objection in the manner provided by law; and, failing to do so, he will not be permitted

to speculate upon a favorable verdict, and when afterwards he is disappointed by an adverse finding of the jury, be allowed to raise such question, either in a motion for a new trial or in the appellate court."

We might agree with defendants in error that plaintiff Selin Billy was neither a necessary nor proper party to this action, nor can she prosecute it for and on behalf of the other plaintiffs, there being no showing of any disability on their part which would preclude them from prosecuting it. From a careful reading of the petition, though, it clearly appears that Haddock and Taliaferro were joined as plaintiffs and referred to as plaintiffs all through the petition, and we therefore conclude that they were prosecuting this action in their own right for and in their own behalf, even though there is a statement in the petition to the effect "that said plaintiff Selin Billy brings this for and on behalf of her coplaintiffs, E. T. Haddock and D. B. Taliaferro." This will be treated as mere surplusage, and disregarded, it being inconsistent with other allegations in the petition and in no wise necessary or essential to state a cause of action. So at most the plaintiff Selin Billy was unnecessarily joined as a party plaintiff, and upon the authority of Choctaw, O. & G. Ry. Co. v. Burgess, supra, this question should have been raised in the lower court by motion, but having failed to do so, defendants cannot now raise the question in this court. See, also, Maddin v. Robertson, 38 Okla. 526, 133 Pac. 1128; Eaves Tall Chief v. Aaron, 87 Okla. 230, 209 Pac. 915; Dieterle v. Harros, 66 Okla. 314, 169 Pac. 873.

It follows, then, that the only question raised by the demurrer was the validity of the two leases referred to, and that question having been determined in favor of the plaintiffs in error's contention in Haddock v. Bronaugh, supra, the petition herein stated a cause of action and it was therefore error to sustain the demurrer. The action of the trial court in so doing is therefore reversed, and the cause remanded to the district court of Jefferson county, with instructions to overrule the demurrer and take such other proceedings not inconsistent with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1. 2) 28 C. J. p. 1208, § 362; anno. L. R. A. 1916F, 499; 12 R. C. L. p. 1127; 2 R. C. L. Supp. p. 1556. (3) 3 C. J. p. 765. § 679; 31 Cyc. p. 271. (4) 3 C. J. p. 767, § 682; 31 Cyc. pp. 294, 657. (5) 3 C. J. pp. 765. § 679. 767. § 682; 29 Cyc. p. 761.