**ANDERSON et al. v. MOORE et al.**

No. 14808—Opinion Filed June 15, 1926.

**1. Appeal and Error—Review of Evidence in Equity Case.**

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same unless it be clearly against the weight of the evidence.

**2. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiffs.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Action by W. G. Moore and Ada Moore against L. B. Anderson and F. E. Watkins, to cancel an oil and gas lease. Judgment for plaintiffs; and defendants bring error. Affirmed.

W. Y. Dilley, for plaintiffs in error.

J. H. Harper, for defendants in error.

Opinion by STEPHENSON, C. W. G. Moore, and Ada Moore, his wife, executed and delivered an oil and gas lease on 260 acres of land, to L. B. Anderson. The latter later sold and assigned the lease to F. E. Watkins. The lessor received a consideration of $235 for the lease. The lease was for a period of five years from date, and provided that if a well was not commenced within one year from the date of the lease, that it should become null and void, unless the lessee paid into the bank named the sum of $250 for the privilege of deferring drilling for another year. The lessee and his assignee failed and refused to make the renewal payment as provided by the lease, and failed to make such payment for two or three years' time. The lessors made written demand on the lessee and his assignee to release the instrument of record, which they refused to do. The plaintiffs commenced their action against L. B. Anderson and F. E. Watkins to cancel the lease for failure to make the renewal payment. The answer of the defendants admitted the failure to make the renewal payments, and further alleged that the title was defective in plaintiffs, except as to 50 acres of land. The defendants prayed the court to decree the defendants to be the owners of a five-year paid-up lease on the 50 acres, or that the court decree the defendants to be the owner of a paid-up lease on the 50 acres for that period of time, which $235, at the rate of $1 per acre, per year, would pay for a lease. The trial of the cause resulted in judgment for the plaintiffs canceling the lease.

It would serve no useful purpose to consider the several contentions made by the plaintiffs in error in this case. It is sufficient to say that the lease contained a warranty of title in favor of the plaintiffs in error, and the defendants had their remedy against the plaintiffs for breach of warranty. The long delay of the defendants to assert rights, if any, to relief in this respect, and the further fact that they claimed and held the lease to the entire body of land, which included the 50 acres which is admitted to be good title, for some two or three years, distinguishes this case from the case of Minnehoma Oil Co. v. Florence, 92 Okla. 17, 217 Pac. 443.

The defendants might have maintained an action for a partial breach of the warranty when it was discovered. The defendants appear to have been advised of the nature of the title according to their own contentions, soon after receiving the lease and paying the consideration of $235 for the same. We think the judgment of the court canceling the lease, and denying the defendants the relief prayed for, is not against the weight of the evidence. Orth v. Gregory, 98 Okla. 229, 233 Pac. 385.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 92. (2, 4) 32 C. J. p. 1265 § 466.