## HINES v. McCALL et al.

No. 18096.    Opinion Filed May 8, 1928.

Rehearing Denied July 24, 1928.

(Syllabus.)

**1. Parties—Misjoinder or Excess of Parties not "Defect of Parties" Raised by Demurrer.**

A petition which shows a mere misjoiner or excess of parties plaintiff is not subject to demurrer for defect of parties under section 268, subd. 4, C. O. S. 1921.

**2. Parties—"Proper Party Plaintiff."**

A proper party plaintiff is one who has an interest in the subject-matter of the action, and in the relief demanded.

**3. Appeal and Error—Discretion of Trial Court—Trial Amendments of Pleading.**

The allowance of amendments to pleadings during the progress of a trial rests within the sound judicial discretion of the trial court, and its action thereon will not be disturbed on appeal unless clear abuse of such discretion is shown.

**4. Deeds—Cancellation for Fraud—Sufficiency of Petition.**

In an action to cancel deed induced by fraud, a petition which shows what the acts of fraud were, that plaintiff acted upon them believing them to be true, and that such fraudulent acts, statements, and pretenses were false and were the inducement and consideration which led to the execution of the deed, and shows the extent and effect of the fraud, states a cause of action.

**5. Appeal and Error—Review—Sufficiency of Evidence in Equity Case.**

The court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the judgment unless it is against the clear weight of the evidence.

**6. Same—Judgment Sustained.**

Record examined: held, the evidence and record sustain the judgment.

Commissioners' Opinion, Division No. 1.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Fannie McCall and Malissa McCall against Reubin Hines to cancel deed and quiet title to real estate. From the judgment, defendant brings error, and plaintiff Fannie McCall files cross-petition in error. Affirmed.

W. L. Johnson, for plaintiff in error.

Erwin & Erwin, for defendants in error.

LEACH, C. This action originated in the district court of Lincoln county, wherein Fannie McCall and Malissa McCall filed their petition against Reubin Hines, alleging Fannie McCall to be the widow and Malissa McCall the daughter of James N. McCall, deceased; that they were the only heirs of the deceased; that the deceased at the time of his death was the owner and in possession of certain lands, 20 acres, described in the petition; that the lands were the homestead of deceased and the plaintiffs; that they had been in continuous possession since the death of James N. McCall; that on the 12th day of March, 1921, Reubin Hines, defendant, by fraud, false representation, statements and promises, induced the plaintiff Fannie McCall to execute and deliver to him a warranty deed to the described premises; that she did not know the falsity of the representations, statements and promises of the defendant, believed them to be true, and on account thereof signed and delivered the deed, a copy of which was attached; that for a long time prior to the date of said deed, defendant had been a frequent caller at the home of plaintiffs, had solicited Fannie McCall to marry him, which she consented to do. Said plaintiff had had difficulty over an old mortgage on the lands in question, which mortgage had been paid, but not released; that defendant suggested if she, Fannie, would deed the land to him, he would look after it for her; that relying upon the promises made by defendant, and having confidence and trust in him, and without intending to give him the land, she executed the deed thereto; that she, Fannie, only owned a one-half interest in the land, the other half belonging to Malissa McCall; that said conveyance was made only for convenience in looking after the land; that the promise of marriage was made by defendant for the purpose of securing title to the lands without consideration; that defendant thereafter ceased his visits, and married another person; that at the time of the delivery of said deed by Fannie McCall to defendant, the plaintiff Malissa McCall was a minor; that she, Malissa, has never signed, executed, or delivered to the defendant or anyone else a deed to her interest in the land; that the deed constitutes a cloud upon the title; that the defendant had filed suit in the justice court against Fannie McCall for the possession of the land. Plaintiffs prayed judgment for the cancellation of the deed, and that they be adjudged absolute owners of the land, and that the defendant be restrained and enjoined from proceeding further with the suit in the justice court, and from asserting or claiming any title or interests in the land. To which petition the defendant filed a demurrer on the grounds that the petition failed to state sufficient facts to constitute a cause of action; that there was a misjoinder of parties plaintiff, and especially demurred as to Malissa McCall, for the reason the petition failed to state a cause of action in her favor, which demurrer was overruled. The defendant thereupon filed his answer, admitting execution of the deed by Fannie McCall, otherwise generally denying plaintiff's allegations; and further answered, alleging that plaintiff Fannie McCall, on the day of the execution of the deed in question, had entered into a written agreement with defendant; reciting a sale of the lands to defendant, and referring to the deed in question, whereby she became a tenant of defendant on the lands involved for a period of five years; that such tenancy had expired, and that he had filed a forcible entry and detainer action for possession, and prayed that he be awarded possession of the premises, and that he have such other and further relief as he might be entitled to at law and in equity, to which answer a reply was filed.

Thereafter, with leave of court, plaintiffs filed an amendment to their petition, wherein they alleged that one F. A. Rittenhouse held the legal title to the premises at the time of the death of James N. McCall; that the said Rittenhouse conveyed the land to Fannie McCall for convenience on account of the minority of the other owner, Malissa McCall; that such deed was made and intended for the use and benefit of both Fannie and Malissa; that the defendant knew of such facts at the time he obtained said deed, and had actual and constructive notice of the right, title, and interest of Malissa in said premises;

that at the time the said Rittenhouse conveyed legal title to the premises, he reserved certain mineral rights in the land in the name of one Patrick; that there was a foreclosure judgment pending against the land, and the said Rittenhouse suggested to Fannie McCall and defendant, Hines, that the said Patrick would loan to defendant, Hines, sufficient money to pay the foreclosure judgment if the plaintiff Fannie McCall would convey title to said lands to the defendant, Hines, for security; that by reason thereof, and the statements and representations set forth in the first cause of action, the defendant pursuaded and induced plaintiff Fannie McCall to execute said deed as security; that said deed was not intended by the parties to be an absolute conveyance; that defendant, Hines, was acting as agent, representative, and trustee of the plaintiffs; that they did not know the amount of money paid out on such foreclosure judgment, but if the court should find the defendant had expended money for the use and benefit of plaintiffs for which they were legally liable, they offer to do equity to the end that defendant be reimbursed for expenditures on their behalf.

Upon the issues joined, a trial was had to the court, which resulted in judgment in favor of the plaintiff Malissa McCall, adjudging and decreeing her to be the title holder and owner of an undivided one-half interest in the premises, and judgment in favor of defendant, Hines, against plaintiff Fannie McCall, decreeing defendant to be the owner of the other one-half interest in the premises, from which judgment the defendant, Hines, perfected his appeal by case-made, petition in error, and brings the cause here for review. Plaintiff Fannie McCall also filed herein her cross-petition in error. The parties will be referred to as they appeared in the trial court.

Plaintiff in error, Hines, sets up eight assignments of error in his petition in error, the first being:

"The court erred in overruling the motion of plaintiff in error for new trial."

It is urged under above assignment that the evidence is insufficient, and the judgment contrary to law as to Malissa McCall. Defendant says plaintiffs' amended petition admitted Rittenhouse held the legal title to the premises at the time of the death of James N. McCall; that plaintiffs' evidence was directed entirely and exclusively to the establishment of fraud and deceit on the part of defendant; that no evidence or fact was shown in the record which had a tendency to contradict or overcome the record title; that the trial court had held in a prior action, wherein the plaintiffs in this action were plaintiffs and the said Rittenhouse defendant, that the plaintiffs had no title or right in the property, and further says that plaintiffs in the instant case offered no evidence whatever to show that he, defendant, Hines, had any knowledge of the claim of Malissa McCall to the lands. We think it evident from the record and evidence shown that the former decree and judgment referred to was entered by way of agreement and compromise, pursuant to which and in contradiction of the judgment, the defendant in that suit, Rittenhouse, deeded the land in question to the plaintiff Fannie McCall. He recognized their rights in the property and reserved to himself only certain mineral rights in the land in payment of monies which he asserted had been expended on behalf of James N. McCall, deceased, in relation to the land. Plaintiff Fannie McCall testified, in substance, that after her husband, James N. McCall, had been sent to the asylum, the defendant, Hines, wrote Mr. Rittenhouse regarding the land in question, and asked him to deed it back to her; that Rittenhouse did deed it back, keeping the royalty on ten acres; that the defendant had been looking after the land and her business after her husband's death; that defendant stated to her prior to the execution of the Rittenhouse deed to her that Malissa had an interest in the land; that he said all the time that Malissa had an interest in it.

The defendant admitted that, as a representative of the church and lodge to which he and Fannie McCall belonged, he had a suit brought in the name of the plaintiffs to recover the land from the defendant Rittenhouse; that the colored folks in the community had a meeting to see about getting the land back for the plaintiff; that he paid the lawyer's fee, but that the lodge would pay it back; admitted that at the time the suit was settled he brought Malissa into the lawyer's office. We think the evidence amply sufficient to justify the conclusion and finding that the defendant was fully conversant and had knowledge of all the facts relating to the title, and that he did know, or should have known, that Malissa was the owner of an undivided interest in the land acquired through inheritance from her father. No authorities are cited by plaintiff in error under his first assignment, and we find no error of law which would entitle him to reversal under the first assignment.

"A plausible, but not convincing, argument in the brief unsupported by citation of au-

thority is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court." Carignano v. Box, 97 Okla. 184, 223 Pac. 673.

The second assignment of error is that the court erred in overruling defendant's demurrer to the original petition. One ground of demurrer was misjoinder of parties plaintiff. Such defect could not be taken advantage of by demurrer.

"A petition which shows a mere misjoinder or excess of parties plaintiff is not subject to demurrer for defect of parties under Rev. Laws 1910, sec. 4740, subd. 4 (268, C. O. S. 1921)." Dieterle v. Harris, 66 Okla. 314, 169 Pac. 873; O'Neill v. Cunningham, 119 Okla. 157, 244 Pac. 444; Billy v. McGill, 113 Okla. 153, 240 Pac. 119.

The overruling of the demurrer was not set up in defendant's motion for a new trial, and it is asserted by defendants in error that failure so to do precluded consideration by this court of such error, if any, and they cite in support thereof the case of Commercial Investment Trust v. Ferguson, 96 Okla. 163, 220 Pac. 925, wherein it was said:

"The action of the trial court in overruling a demurrer to a petition, where the defendant has pleaded further, will not be reviewed by the court, unless it is presented to the trial court in a motion for a new trial."

However, in that case reference was made to the case of Perry v. Snyder, 75 Okla. 24, 181 Pac. 147, in which latter case it was held that:

"An objection that the petition does not state facts sufficient to constitute a cause of action is not waived by failing to urge such objection in the trial court, but may be urged for the first time in the Supreme Court."

The authorities cited by plaintiff in error are inapplicable as applied to the demurrer to the petition.

Section 218, C. O. S. 1921, provides that all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided.

"A proper party plaintiff is one who has an interest in the subject-matter of the action, and is interested in the relief demanded." Reynolds v. Schmidt, 93 Okla. 33, 219 Pac. 405.

"In an action to rescind a contract induced by fraud, a petition which shows what the acts of fraud were, and that plaintiff acted upon them believing them to be true, and that such fraudulent acts and false pretenses were the sole inducement to the making of the contract, and shows that the representations which led to the contract were wholly false, and wherein they were false, and shows the extent and effect of the fraud, states a cause of action." Shuler v. Hall, 42 Okla. 325, 141 Pac. 280.

We have examined the petition, and consider it sufficient to withstand the demurrer thereto.

The third assignment of error is that the court erred in allowing plaintiffs to amend their original petition on trial day. On the day of trial, after the parties had announced ready for trial, plaintiffs asked leave to file an amendment to their petition, to which request counsel for defendant made the following objection:

"Object to the filing of the amendment at this time, and it is not an amendment, but an attempt to inject new and other matters in here at this time."

However, leave was granted, to which defendant excepted, and thereupon, immediately, defendant dictated into the record a general denial to such amendment, and proceeded to trial without further objection. He does not here complain of any prejudice by reason of going to trial, but says the amendment changed the cause of action. Section 318, C. O. S. 1921, empowers the trial court before or after judgment, in furtherance of justice, and on such terms as may be proper, to amend any pleading when such amendment does not change substantially the claim or defense. As we view it, the amendment did not substantially change the claim or defense.

"The statutes, and also the decisions of the courts of this state, are extremely liberal in permitting amendments to pleadings, so long as such amendments are in furtherance of justice, and amendments which even change the cause of action may be permitted, provided they do not substantially change the plaintiff's claim." Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 163, 153 Pac. 633.

"The allowance of amendments to pleadings during the progress of a trial rests within the sound judicial discretion of the trial court, and its action thereon will not be disturbed on appeal unless clear abuse of such discretion is shown." Board of County Com'rs of McCurtain County v. Western Bank & Office Supply Co., 122 Okla. 244, 254 Pac. 741.

The third assignment of error cannot be sustained.

The fourth assignment of error is that the court erred in admitting evidence over objection of defendant. The brief does not set out the evidence complained of except

one answer, given in response to the question: "When did he lose his mind?" which question was objected to because it was not the best evidence. The answer to the question was: "Quite a while before they sent him." Aside from the fact that the objection does not appear to have been good, and the fact that the brief does not set out any other evidence complained of, we find in the record where the defendant introduced certain pleadings filed in a former action, which pleadings allege and set out the substance of the evidence complained of in the brief. The fourth assignment is without merit.

The sixth assignment of error is:

"The court erred in overruling defendant's demurrer to plaintiff's evidence."

Under this assignment, defendant contends that he was entitled to rely upon the title record. Cases are cited holding that possession is considered as in subservience to the record title. We have no objection to the rule in the cases cited, but they are not applicable to the case at bar. The trial court in this case no doubt found under the evidence that defendant had actual notice and knowledge of the rights and interests of the parties in possession of the land, notwithstanding the record title. Where there is any conflict in the evidence, the court should overrule a demurrer to the evidence.

"It is only where there is no evidence introduced at the trial of a cause, reasonably tending to establish the allegations of plaintiff's petition, that the court is justified in sustaining a demurrer to such evidence and rendering judgment in favor of the defendant." Missouri, K. & T. R. Co. v. Perino, 89 Okla. 136, 214 Pac. 907.

Under the record no prejudicial error is shown in overruling demurrer, and the sixth assignment cannot be sustained.

The seventh and eighth assignments of error are:

"The court erred in refusing to render judgment for plaintiff against defendant in error Malissa McCall."

"The court erred in rendering judgment for Malissa McCall against defendant."

The last two assignments are too general; besides, the argument thereunder is but a continuance of other assignments which have heretofore been discussed, except as to the matter of an agreement or understanding respecting the journal entry, which is not shown in the record, and which we do not find warranted by the evidence.

"An assignment of error which in effect alleges that the court erred in rendering judgment in favor of the plaintiff and against the defendant on the evidence and pleadings presents nothing for this court to review." Hocker v. Rackley, 90 Okla. 83, 216 Pac. 151; Connelly v. Adams, 52 Okla. 382, 152 Pac. 607.

Attorneys for defendants in error devote a small portion of their brief to the cross-petition of Fannie McCall. Under the assignment that the judgment against her, Fannie McCall, is not sustained by the evidence and is contrary to law, they cite certain decisions relating to duty of agent and trustee to principal, and say:

"The defendant holds the legal title as the admitted agent and trustee of plaintiff; and they have the right to require a conveyance to them of the trust property."

In view of the acts of Fannie McCall in executing the separate agreement with defendant acknowledging a consideration for the deed, and apparently acting thereunder without steps to deny the same until action was filed against her in justice court, together with all the facts and circumstances of the case, in our opinion, the trial court is justified and sustained in its finding and judgment as to Fannie McCall. We do not find from an examination of the entire record that the judgment is against the clear weight of the evidence as to any of the parties.

"This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same unless it be clearly against the weight of the evidence." Anderson v. Moore, 118 Okla. 242, 247 Pac. 391; Houston v. City of Miami, 98 Okla. 35, 224 Pac. 316.

We have examined the evidence and record in this cause, and are of the opinion that the same sustains the judgment of the trial court, and the same is affirmed.

BENNETT, TEEHEE, FOSTER and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 294. (2) 21 C. J. p. 297, §298; 20 R. C. L. p. 665, et seq.; 4 R. C. L. Supp. p. 1373; 6 R. C. L. Supp. p. 1230. (3) 4 C. J. p. 800, §2757. (4) 9 C. J. p. 1233, §148; 4 R. C. L. p. 518; 3 R. C. L. Supp. p. 1158; 7 R. C. L. Supp. p. 131. (5) 4 C. J. p. 900, §2869; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73. (6) 4 C. J. p. 898, §2869.