## MISSOURI, K. & O. COACH LINES v. BENTON.

No. 22251. Opinion Filed March 15, 1932.

Rehearing Denied April 26, 1932.

George F. Short, C. W. King, and Charles Hill Johns, for plaintiff in error.

Jno. L. Ward and Oran N. McCain, for defendant in error.

CULLISON, J. Plaintiff instituted suit in the district court to recover damages received while a passenger on one of defendant's busses, and from a judgment in favor of plaintiff, defendant appeals to this court. The parties will be referred to as they appear in the lower court.

The defendant was a public carrier, operating a bus line between Tulsa, Okla., and Joplin, Mo. Plaintiff secured passage on one of defendant's busses by purchasing a ticket at Claremore, Okla., and entering one of defendant's busses at said station bound for Tulsa, Okla. While a passenger on said bus, the bus burned, and plaintiff, with the other passengers on the bus, was compelled to leave the bus and wait until defendant could secure another bus to transport plaintiff to Tulsa.

The fire occurred at night with a temperature of 16 degrees below zero. The ground was covered by a deep coat of snow and ice. When the fire started in the bus, the passengers in the seat immediately in front of plaintiff jumped over the back of the seat in which they were riding. Plaintiff was knocked down in her seat and fainted. She was removed from the bus by other parties and later regained consciousness. Plaintiff was wearing a fur coat, but the same caught fire and necessitated the removing of the coat for a short time, and plaintiff was exposed to the severe weather

without any coat to shield her from said frigid atmosphere. Plaintiff later secured admission into a schoolhouse and was protected from the cold until the arrival of the relief bus, about an hour and a half following the accident. Plaintiff contracted a cold which developed into pneumonia within a few days after the accident. She testified that she was feeling perfectly well before the accident, but that since having the pneumonia she had not had a great amount of resistance and had had a cough.

The case was tried to the court without a jury; both sides having agreed to waive a jury trial. Upon the conclusion of said cause, the court found in favor of plaintiff and assessed her recovery in the amount of $10,000. Defendant appeals to this court and presents as its first proposition of error that:

"The trial court erred in permitting plaintiff to amend her petition during the trial of said cause."

Said question of error must be considered in the light of section 318, C. O. S. 1921.

"318. Amendment of Formal Defects: The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

The above section has been before this court on numerous times, and in the case of Board of Com'rs of McCurtain County v. Western Bank & Office Supply Co., 122 Okla. 244, 254 P. 741, this court held:

"The allowance of amendments to pleadings during the progress of a trial rests within the sound judicial discretion of the trial court, and its action thereon will not be disturbed on appeal, unless clear abuse of such discretion is shown."

See, also, Hines v. McCall, 132 Okla. 5, 269 P. 269.

In the case at bar, defendant's counsel requested that plaintiff be examined by physicians. Plaintiff at first objected, but later agreed that the court might appoint a competent physician to examine plaintiff. Thereupon, the court appointed a physician to examine plaintiff. This occurred at noon,

Saturday, October 18th. On Tuesday, October 21st, the doctor who had been appointed by the court to examine plaintiff was called in court and testified as to the condition of plaintiff, and his testimony revealed that plaintiff was suffering from an advanced case of tuberculosis. When this fact was developed in said trial, plaintiff asked leave to amend her petition so as to plead the additional element of tuberculosis. Defendant objected to said amendment, but the court permitted the amendment to be made. Defendant contends that they were surprised by the nature of testimony of the physician appointed by the court, and that they should have been permitted to continue said cause until a later date in order that they might prepare to meet the new developments in said cause.

In consideration of this question of error, we observe that the new element injected into said cause, to wit, that plaintiff was suffering from tuberculosis, was brought about through the examination made by the physician appointed by the court, and that said examination was the result of defendant's request that plaintiff be examined by a physician.

We also observe, and the record so shows, that the request that plaintiff be examined by physicians was made at noon, Saturday, and that the evidence of the physician was not received until the following Tuesday.

Defendant's counsel made no endeavor to ascertain the conditions found by the examining physician, and should they have exercised due diligence in said cause after requesting an examination, they should have ascertained the outcome thereof and have been prepared to meet the adverse testimony brought about at their request.

After considering the law relative to said question and the evidence and circumstances applicable thereto, we think the trial court very properly allowed the requested amendment.

The other assignments of error presented by defendant are: That the court erred in rendering judgment for plaintiff under the evidence; that the court erred in the findings of fact and conclusions of law in that the same are not supported by the evidence; and that the court erred in holding defendant liable for aggravating a case of dormant tuberculosis.

In the consideration of said questions of error, we must consider sections 4891 and 4892, C. O. S. 1921, which said sections are as follows:

"4891. Carriers for reward must use ut-

most care: A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill.

"4892. Must use safe vehicles: A carrier of persons for reward is bound to provide vehicles safe and fit for the purposes to which they are put, and is not excused for default in this respect by any degree of care."

Said sections provide, and this court has so held, that the carrier owes to a passenger for hire the utmost care in providing for their safe carriage and must do everything necessary for that purpose and to that end.

In the case of Chicago, R. I. & P. Ry. Co. v. Shelton, 135 Okla. 53, 273 Pac. 988, this court held:

"Under our law, except as provided in section 4892, Comp. St. 1921, the standard of care which will measure up to the duty owing from a carrier to a passenger for reward, in all circumstances, is 'utmost care,' as provided by Comp. St. 1921, section 4891."

Under the evidence in this case, plaintiff was a passenger on defendant's bus for hire. The bus caught afire and burned. Plaintiff was injured and also exposed to the severe cold weather and deep snow. The record discloses that the bus burned on January 15, 1930, and that five days thereafter · plaintiff was suffering with a severe attack of pneumonia; that she continued to cough from and after said attack of pneumonia and continued to cough up to the date of the examination and trial.

The plaintiff was examined on October 18, 1930, approximately nine months after the attack of pneumonia, and the examination disclosed an active case of tuberculosis of six months, or over, duration.

From all the facts and circumstances in said cause, as disclosed by the record, we consider it reasonable that the pneumonia developed from the exposure to which plaintiff was subjected, caused by the burning of defendant's bus, and that the weakened condition of her lungs, produced as a result of said pneumonia, brought about the tuberculosis of which plaintiff suffered. Plaintiff testified that she had not been ill prior to having the pneumonia, but that thereafter she had continued to cough and that she did not have the physical durability that she possessed prior to said illness.

This case was tried to the court, and after hearing all of the evidence in said cause, the court made findings of fact favorable to plaintiff. This court has often held that where a case is tried to the court without a jury, the findings of fact made by the court will not be reversed on review where there is competent evidence to support said findings. In the case at bar, we have examined the testimony contained in the record, and find that the testimony fully sustains the findings made by the trial court, and that there is adequate competent testimony in said record to support the findings of the trial court.

After a full and careful consideration of the record, evidence, questions of error and authorities cited in said cause, we hold that the judgment of the lower court should be affirmed.

LESTER, C. J., CLARK, V. C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and HEFNER, JJ., absent.

Note.—See under (1), 2 R. C. L. 218; R. C. L. Perm. Supp. p. 388; R. C. L. Pocket Part, title Appeal, § 183. (2), 4 R. C. L. 1001, 1002. (3), 2 R. C. L. 202; R. C. L. Perm. Supp. p. 376; R. C. L. Pocket Part, title Appeal, § 172.